UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
Lafayette Division

| | |
|---|---|
| IN RE: | CASE NO. 16-50740 |
| PROGRESSIVE ACUTE CARE, LLC, et al. | CHAPTER 11 |
| DEBTORS | JOINTLY ADMINISTERED |

## MOTION TO PAY INSIDERS

**NOW INTO COURT,** come Progressive Acute Care, LLC ("PAC"), Progressive Acute Care Avoyelles, LLC ("PAC Avoyelles"), Progressive Acute Care Oakdale, LLC ("PAC Oakdale") and Progressive Acute Care Winn, LLC ("PAC Winn") as debtors and debtors-in-possession (collectively, the "Debtors"), who respectively move this Court for entry of an order authorizing compensation to four (4) insiders employed by PAC. In support thereof, the Debtors respectfully represent:

### Background

1.

On May 31, 2016, the Debtors each filed a petition for voluntary relief under chapter 11 of the Bankruptcy Code. No creditors' committee has been appointed in any case; and, the Debtors are continuing to operate their business in the ordinary course as debtors-in-possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.

The Debtors own and operate three (3) community-based hospitals ("Hospitals"), ranging from 50-60 bed capacity, which provide inpatient, outpatient and emergency care, primarily for residents of the immediate regions of the Hospitals. The Hospitals are located in Marksville (PAC Avoyelles), Oakdale (PAC Oakdale) and Winnfield (PAC Winn).

1

## Relief Requested

3.

PAC employs four (4) insiders as defined by U.S.C. §101(31)(B). Wayne Thompson ("Thompson"), an equity holder of PAC, is the Chief Financial Officer ("CFO") of PAC. Daniel Rissing ("Rissing"), an equity holder of PAC, is the Chief Executive Officer ("CEO") of PAC. Michael Hurlburt ("Hurlburt"), an equity holder of PAC, serves as Chief Operating Officer ("COO") of PAC. Finally, Daniel Rissing, Jr. ("Rissing, Jr."), the son of Rissing, is employed by PAC and is an insider by virtue of his relationship to Rissing. All of the aforementioned insiders are referred to collectively as the "Insiders".

## Basis for Relief

4.

Thompson is responsible for financial planning, record keeping, and determining financial risks of the Debtors. Hurlburt is responsible for oversight of the daily operations of the Debtors and controlling staffing and other personnel matters. Rissing handles strategic business operations of the Debtors. Rissing, Jr. is the vendors' relations consultant and works with various vendors to address associated problems and concerns. Each of the Insiders roles is necessary and vital to the continued ongoing business of the Debtors.

5.

Thompson is currently compensated at a rate of $225,000.00 gross annually. In addition, PAC pays the life insurance premium and medical and dental insurance premium of Thompson. PAC has paid $8,699.84 towards Thompson's health insurance premium, $114.86 towards his dental insurance premium, and $873.17 towards his life insurance premium in the last six months.

Thompson was provided use of a PAC vehicle until March 2016 and has received gross salary compensation from PAC in the amount of $130,213.35 within the last six months.

6.

Hurlburt is currently compensated at a rate of $140,000.00 gross annually. Hurlburt receives no other benefits from PAC. He has received compensation in the amount of $69,519.26 gross in the last six months.

7.

Rissing is currently compensated at a rate of $200,000.00 gross annually. In addition, PAC pays the life insurance premium and medical and dental insurance premium of Rissing. PAC has paid $2,408.78 towards Rissing's health insurance premium, $63.38 towards his dental insurance premium, and $307.75 towards his life insurance premium in the last six months. Rissing has received gross compensation from PAC in the amount of $124,430.70 in the last six months.

8.

Rissing Jr. is compensated at a rate of $55,000.00 gross annually. Rissing receives no further benefits from PAC. He has received $32,307.64 in gross compensation in the last six months.

9.

The identified Insiders are compensated for services at a rate which is comparable to other businesses similar to the Debtors for the type of services each Insider is performing.

10.

The Debtors further request that the Order on this Motion be given effect, *nunc pro tunc*, to the Petition Date. The Debtors show that the services rendered by the Insiders are essential to

the successful operations of the Debtors and their continued management. The Debtors cannot operate without the necessary functions provided by the Insiders.

11.

In accordance with Local Rule 2016-12 the verifications of all Insiders are attached hereto *in globo* as Exhibit "A". A copy of the proposed order is attached as Exhibit "B".

## Notice

12.

Notice of this Motion has been given to (i) the Office of the United States Trustee; and, (ii) all creditors and parties in interest as shown on the court's mailing list.

WHEREFORE, the Debtors pray that this Court enter an Order, effective *nunc pro tunc* to May 31, 2016, permitting the Insiders to receive compensation from the Debtors at the same rate as each was receiving prior to the Petition Date, and for such other relief as the Court deems just and proper.

Respectfully submitted by:

**STEFFES, VINGIELLO & McKENZIE, L.L.C.**

By: /s/ Barbara B. Parsons
William E. Steffes (La. Bar No. 12426)
Barbara B. Parsons (La. Bar No. 28714)
Noel Steffes Melancon (La. Bar No. 30072)
STEFFES, VINGIELLO & McKENZIE, LLC
13702 Coursey Boulevard Building 3
Baton Rouge, Louisiana 70817
Telephone: (225) 751-1751
Facsimile: (225) 751-1998
E-mail: bparsons@steffeslaw.com

*Proposed Counsel for Progressive Acute Care, LLC,
Progressive Acute Care Avoyelles, LLC,
Progressive Acute Care Oakdale, LLC, and
Progressive Acute Care Winn, LLC, Debtors*

EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
Lafayette Division

| | |
|---|---|
| IN RE: | CASE NO. 16-50740 |
| PROGRESSIVE ACUTE CARE, LLC, et al. | CHAPTER 11 |
| DEBTORS | JOINTLY ADMINISTERED |

<u>**VERIFICATION**</u>

In accordance with Local Rule 2016-12, **Wayne Thompson** hereby certifies as follows:

1. I am the Chief Financial Officer of Progressive Acute Care, LLC;

2. I have read each of the allegations regarding the employment and compensation of insiders, included in the foregoing *Motion to Pay Insiders*; and that all of the allegations of fact contained therein are true and correct to the best of my information, knowledge and belief.

3. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on May 30, 2016.


    /s/Wayne Thompson
  **Wayne Thompson**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
Lafayette Division

IN RE: CASE NO. 16-50740

PROGRESSIVE ACUTE CARE, LLC, et al. CHAPTER 11

DEBTORS JOINTLY ADMINISTERED

## VERIFICATION

In accordance with Local Rule 2016-12, **Michael Hurlburt** hereby certifies as follows:

4. I am the Chief Operating Officer of Progressive Acute Care, LLC;

5. I have read each of the allegations regarding the employment and compensation of insiders, included in the foregoing *Motion to Pay Insiders*; and that all of the allegations of fact contained therein are true and correct to the best of my information, knowledge and belief.

6. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on May 30, 2016.


/s/ Michael Hurlburt
**Michael Hurlburt**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
Lafayette Division

| | |
|---|---|
| IN RE: | CASE NO. 16-50740 |
| PROGRESSIVE ACUTE CARE, LLC, et al. | CHAPTER 11 |
| DEBTORS | JOINTLY ADMINISTERED |

## VERIFICATION

In accordance with Local Rule 2016-12, **Daniel Rissing** hereby certifies as follows:

1. I am the Chief Executive Officer of Progressive Acute Care, LLC;

2. I have read each of the allegations regarding the employment and compensation of insiders, included in the foregoing *Motion to Pay Insiders*; and that all of the allegations of fact contained therein are true and correct to the best of my information, knowledge and belief.

3. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on May 30, 2016.

/s/ Daniel Rissing
**Daniel Rissing**

7

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# Lafayette Division

| | |
|---|---|
| IN RE: | CASE NO. 16-50740 |
| **PROGRESSIVE ACUTE CARE, LLC, et al.** | CHAPTER 11 |
| DEBTORS | JOINTLY ADMINISTERED |

## <u>VERIFICATION</u>

In accordance with Local Rule 2016-12, **Daniel Rissing, Jr.,** hereby certifies as follows:

1. I am a vendors relation consultant of Progressive Acute Care, LLC;

2. I have read each of the allegations regarding the employment and compensation of insiders, included in the foregoing *Motion to Pay Insiders*; and that all of the allegations of fact contained therein are true and correct to the best of my information, knowledge and belief.

3. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on May 30, 2016.

/s/ Daniel Rissing, Jr.
**Daniel Rissing, Jr.**

8