**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**IN RE:** — **CASE NO. 16-50740**

**PROGRESSIVE ACUTE CARE, LLC, *et al*.** — **CHAPTER 11**

**DEBTORS** — **JOINTLY ADMINISTERED**

**----------------------------------------------------**

**PROGRESSIVE ACUTE CARE AVOYELLES, LLC,**
**PROGRESSIVE ACUTE CARE WINN, LLC, AND**
**PROGRESSIVE ACUTE CARE OAKDALE, LLC**

**Plaintiffs,** — **Adversary No.**

**VS.**

**THE SCHUMACHER GROUP OF LOUISIANA, INC.,**
**AVOYELLES EMERGENCY GROUP, L.L.C.,**
**WINN EMERGENCY GROUP, L.L.C., AND**
**ALLEN EMERGENCY GROUP, L.L.C.**

**Defendants**

# COMPLAINT
# TO AVOID AND RECOVER TRANSFERS OF PROPERTY

**Progressive Acute Care Avoyelles, LLC** ("PAC-A")**, Progressive Acute Care Winn, LLC** ("PAC-W")**,** and **Progressive Acute Care Oakdale, LLC** ("PAC-O") (collectively, "Plaintiffs"), as debtors-in-possession, allege as follows:

1.

Made defendants herein are:

a) **The Schumacher Group of Louisiana, Inc.** ("Schumacher") a business corporation organized under the laws of the State of Louisiana, with its principal offices in Lafayette, Louisiana;

b) **Avoyelles Emergency Group, L.L.C.**, ("AEG"), a limited liability company organized under the laws of the State of Louisiana, with its principal offices in Lafayette, Louisiana;

c) **Winn Emergency Group, L.L.C.** ("WEG"), a limited liability company organized under the laws of the State of Louisiana, with its principal offices in Lafayette, Louisiana; and,

d) **Allen Emergency Group, LLC,** ("Allen EG"), a limited liability company organized under the laws of the State of Louisiana, with its principal offices in Lafayette, Louisiana.

Schumacher, AEG, WEG, and Allen EG are collectively referred to herein as "Defendants".

## JURISDICTIONAL ALLEGATIONS

2.

The bankruptcy cases were commenced by the filings of petitions under Title 11 of the United States Code by each of the Plaintiffs on May 31, 2016 ("Petition Date") in the Chapter 11 bankruptcy proceedings styled: *In re: Progressive Acute Care Avoyelles, LLC,* Case No. 16-80584; *In re: Progressive Acute Care Winn, LLC,* Case No. 16-50743; and, *In re: Progressive Acute Care Oakdale, LLC*, Case No. 16-50742 (collectively, the "Bankruptcy Cases"), all before the U.S. Bankruptcy Court for the Western District of Louisiana ("Bankruptcy Court"). The Bankruptcy Cases are jointly administered with the bankruptcy case entitled *In re: Progressive Acute Care, LLC,* Case No. 16-50740, the lead case before the Bankruptcy Court.

3.

This adversary proceeding arises out of, arose in, and/or is related to the Bankruptcy Cases. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334. The causes of action set forth herein involves the determination, allowance and amount of claims pursuant to 11 U.S.C. §§ 547, 548, 550 and 551 and, as such, constitute "core" proceedings pursuant to 28 U.S.C. § 157(b)(2).

4.

Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises in and relates to the Bankruptcy Case and the amount in suit exceeds $12,475.

5.

The instant complaint (the "Complaint") is initiated as an adversary proceeding in which Plaintiffs seeks to recover and avoid transfers of property of the estate pursuant to the provisions of 11 U.S.C. §§ 544-551.

**FIRST CLAIM FOR RELIEF**
**(TO AVOID PREFERENTIAL TRANSFERS**
**PURSUANT TO 11 U.S.C. § 547(b))**

6.

Plaintiffs incorporate each and every allegation contained in paragraphs 1 through 5, inclusive, as if fully set forth herein.

7.

On or within 90 days before the Petition Date, which is between March 2, 2016 and May 31, 2016, the Defendants reduced to judgments debts then owed by the Plaintiffs to the Defendants, obtaining two (2) judgments against Plaintiffs and others in proceedings before the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana, Docket No. 2014-5874 J, *The Schumacher Group of Louisiana, Inc., et al*. vs. *Progressive Acute Care, LLC, et al*. Copies of the judgments are attached hereto as Exhibits "**A**" (Judgment of March 3, 2016) and "**B**" (Judgment of April 25, 2016) and incorporated herein by reference.

8.

Defendants recorded the two judgments against Plaintiffs in multiple parishes as follows:

| Parish Where Recorded | Date Recorded | Instrument No. | Mtg. Book | Page |
|---|---|---|---|---|
| Winn | 03/04/2016 | 217518 (registry no.) | 294 | 366 |
| Winn | 03/04/2016 | 217076 (registry no.) | 293 | 320 |
| Avoyelles | 03/04/2016 | 2016-00001124 | 787 | 732 |
| Avoyelles | 05/13/2016 | 2016-00002691 | 792 | 589 |
| Allen (Oakdale) | 03/04/2016 | 487748 | 398 | 995 |
| St. Tammany | 03/07/2016 | 2014-109 | NA | NA |

9.

Each recordation of a judgment as referenced above was a *transfer* under 11 U.S.C. §§ 547 and 548. The recordation of the judgments and any payments received by the Defendants are included in the reference to "Transfers" as used herein.

10.

On information and belief, each of the Defendants was a creditor of the Plaintiffs at the time of each of the Transfers within the meaning of 11 U.S.C. § 101(10)(A). At the time of each of the Transfers, each Defendant had a right to payment on account of an obligation owed to Defendants by the Plaintiffs.

11.

The indebtedness of each individual Defendant to each individual Plaintiff as of the Petition Date was as follows:

| Defendant | Plaintiff | Amount Owed |
|---|---|---|
| PAC-A | Schumacher | $214,390.00 |

| | | |
|---|---|---|
| PAC-O | Schumacher | $322,252.04 |
| PAC-W | Schumacher | $417,144.75 |
| PAC-A | AEG | $214,390.00 |
| PAC-W | WEG | $417,144.75 |
| PAC-O | Allen EG | $322,252.04 |
| All Defendants | All Plaintiffs | $201,686.19 |

12.

The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1).

13.

The Transfers were made on account of an antecedent debt because the Transfers were on account of debts owed by the Plaintiffs before the Transfers were made.

14.

The Plaintiffs were insolvent throughout the Preference Period (as that term is defined and used in 11 U.S.C. §§ 101(32) and 547 of the Bankruptcy Code). The Preference Period includes the time within 90 days before the Petition Date.

15.

The Transfers enable Defendants to receive more on account of their debts than if the Plaintiffs' cases were under Chapter 7 of the Bankruptcy Code, the Transfers had not been made, and Defendants received payments of their debts to the extent provided by the provisions of the Bankruptcy Code because, under such scenario, Defendants would not have received full payment with respect to such debts, nor even as much remuneration as the amount of the Transfers.

16.

In accordance with the foregoing, the Transfers are avoidable pursuant to 11 US.C. § 547(b).

17.

The above referenced judgments in favor of Defendants should be released, cancelled, erased, and removed from the mortgage records of every parish where the judgements have been recorded; and an order of this Court should be issued directing the Clerks of Court for the respective parishes release, cancel and erase the aforementioned judgments.

## ALTERNATIVE SECOND CLAIM FOR RELIEF (TO AVOID FRAUDULENT CONVEYANCES PURSUANT TO 11 U.S.C. § 548(a)(1)(B))

18.

Plaintiffs incorporate each and every allegation contained in paragraphs 1 through 17, inclusive, as if fully set forth herein.

19.

To the extent that one or more of the Transfers were not on account of an antecedent debt or that payment was made for a thing not due, the Plaintiffs did not receive reasonably equivalent value in exchange for such Transfer (the "Potentially Fraudulent Transfers"); and

A. the Plaintiffs were insolvent on the dates that the Transfers was made or became insolvent as a result of the Transfers; or

B. the Debtors were engaged in business or transactions, or were about to engage in business or a transactions, for which any property remaining with the Plaintiffs was an unreasonably small capital; or

C. the Plaintiffs intended to incur, or believed that the Plaintiffs would incur,

debts that would be beyond the Plaintiffs' ability to pay as such debts matured.

20.

The Potentially Fraudulent Transfers or payments of a thing(s) not due are avoidable pursuant to 11 U.S.C. § 548(a)(l)(B).

**ALTERNATIVE THIRD CLAIM FOR RELIEF**
**(TO RECOVER AVOIDED TRANSFERS AGAINST DEFENDANT FOR THE BENEFIT OF THE ESTATE UNDER 11 U.S.C. § 550 AND TO PRESERVE AVOIDED TRANSFERS FOR THE BENEFIT OF THE ESTATE UNDER 11 U.S.C. § 551)**

21.

Plaintiffs incorporate each and every allegation contained in paragraphs 1 through 20, inclusive, as if fully set forth herein.

22.

The Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 547, may be recovered by Plaintiffs pursuant to 11 U.S.C. § 550(a) and preserved for the benefit of the estates pursuant to 11 U.S.C. § 551.

23.

The Potentially Fraudulent Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 548, may be recovered by Plaintiffs pursuant to 11 U.S.C. § 550(a) and preserved for the benefit of the estates pursuant to 11 U.S.C. § 551.

24.

Unless and until the Transfers and the Potentially Fraudulent Transfers (collectively, "All Avoided Transfers") are avoided and the Defendants have paid or turned over to Plaintiffs the amount of said All Avoidable Transfers, any claims of Defendants in the respective Bankruptcy

Cases must be disallowed pursuant to 11 U.S.C. § 502(d).

## RELIEF REQUESTED

WHEREFORE, Plaintiffs prays that, in accordance with the respective claims of Plaintiffs against Defendants, this Court enter judgment as follows:

1. That All Avoided Transfers avoidable under 11 U.S.C. §§ 544-548 be avoided and set aside;
2. That All Avoided Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §§ 547 and/or 548, be recovered by Plaintiffs pursuant to 11 U.S.C. § 550(a) and be preserved for the benefit of the estate pursuant to 11 U.S.C. § 551;
3. Plaintiffs shall recover from Defendants All Avoided Transfers, together with prejudgment interest thereon, at the legal rate allowed under 28 U.S.C. § 1961 from the date of each Transfer;
4. That any claims of Defendants in the respective Bankruptcy Cases be disallowed until the Defendant(s) has (have) paid or turned over to Plaintiffs the amount of said All Avoided Transfers;
5. Directing the respective Clerks of Court and ex-officio Recorders of Mortgages in and for the parishes referenced hereinabove to release, cancel and erase from the records of said offices the inscriptions of the above referenced judgments;
6. An award of costs incurred in this suit; and,
7. Such other and further relief as this Court may deem necessary and proper.

Dated: July 15, 2016.

(Signature follows)

By: /s/Michael H. Piper
William E. Steffes (La. Bar Roll No. 12426)
Michael H. Piper (La. Bar No.10550)
STEFFES, VINGIELLO & MCKENZIE, LLC
13702 Coursey Blvd, Bldg. 3
Baton Rouge, LA 70817
Telephone: 225-751-1998
Fax: 225-751-1998
E-mail: mpiper@steffeslaw.com

Attorneys for Progressive Acute Care Avoyelles, LLC, Progressive Acute Care Winn, LLC, and Progressive Acute Care Oakdale, LLC

PLEASE SERVE:

**The Schumacher Group of Louisiana, Inc**.
Through its Registered Agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**Avoyelles Emergency Group, LLC**
Through its Registered Agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**Winn Emergency Group, LLC**
Through its Registered Agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**Allen Emergency Group, LLC**
Through its Registered Agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816