IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 16-50740 |
| | * | |
| PROGRESSIVE ACUTE CARE, LLC, et al. | * | CHAPTER 11 |
| | * | |
| *DEBTORS* | * | JUDGE ROBERT SUMMERHAYS |
| | * | |
| | * | JOINTLY ADMINISTERED |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## LIMITED OBJECTION TO SALE PROCEDURES MOTION

The objection of The Schumacher Group of Louisiana, Inc., Iberia Physician Services, LLC, Iberia Emergency Group, LLC, Avoyelles Emergency Group, LLC, Winn Emergency Group, LLC and Allen Emergency Group, LLC (collectively "The Schumacher Group"), through undersigned counsel, in opposition to the *Motion Under 11 U.S.C. §§ 363(b) and (f) and 365* (Dkt. #183) filed by the Debtors on July 14, 2016 (the "Sale Procedures Motion"), respectfully states:

1.

The Schumacher Group in the aggregate holds a prepetition claim in an amount exceeding $1 million in these jointly-administered cases.

2.

Paragraph 7 of the Sale Procedures Motion states in part

*In addition, under the Stalking Horse APA, all current employees of the Hospitals would be offered employment by the Buyer at Closing such that no lapse of employment would exist during transition of ownership.*

4492449_1

3.

The Sale Procedures Motion does not appear to specifically list the current employees of the Hospitals who would be offered employment and, in particular, does not in any way negate the employment of any existing insiders or senior management of the Debtors.

4.

Almost by definition, a proposal that includes retention of members of senior management and insiders of the Debtors cannot be wholly in good faith and at arm's length. Negotiations of the proposal may have involved the participation of Debtors' senior management and insiders and, if so, such negotiations had the potential to be conducted also for the personal benefit of such persons.

5.

Consequently, if the proposal by the Stalking Horse Bidder includes the possibility of future employment of the existing senior management and insiders of the Debtors, it would be unfair to other potential bidders that the Stalking Horse Bidder would enjoy the benefit of a breakup fee.

For these reasons, The Schumacher Group prays that the Sales Procedures Motion be denied, to the extent of the adoption of a breakup fee in favor of the Stalking Horse Bidder, unless (a) the Debtors fully disclose all members of Debtors' senior management and the Debtors' insiders who participated in the negotiations with the Stalking Horse Bidder and (b) such disclosed persons are specifically excluded from the possibility of future employment by the Stalking Horse Bidder.

Filed this 25th day of July, 2016.

>By: /s/ Joseph P. Hebert
> Joseph P. Hebert
> (LA #6734; TX #00789095)
> LISKOW & LEWIS
> 822 Harding St.
> Lafayette, LA 70503
> Telephone: (337) 232-7424
> Fax: (337) 267-2399
> Email: *jphebert@liskow.com*
>
> *Attorneys for The Schumacher Group of Louisiana, Inc., Iberia Physician Services, LLC, Iberia Emergency Group, LLC, Avoyelles Emergency Group, LLC, Winn Emergency Group, LLC and Allen Emergency Group, LLC*