# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 16-50740 |
| | * | |
| PROGRESSIVE ACUTE CARE, LLC, et al. | * | CHAPTER 11 |
| | * | |
| *DEBTORS* | * | JUDGE ROBERT SUMMERHAYS |
| | * | |
| | * | JOINTLY ADMINISTERED |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT OBJECTION TO PROPOSED SALE OF DEBTORS' ASSETS

NOW INTO COURT, through respective undersigned counsel, come (a) The Schumacher Group of Louisiana, Inc., Iberia Physician Services, LLC, Iberia Emergency Group, LLC, Avoyelles Emergency Group, LLC, Winn Emergency Group, LLC and Allen Emergency Group, LLC (collectively "The Schumacher Group"), (b) Sheridan Healthcare of Louisiana, Inc. ("Sheridan") and (c) Parallon Business Solutions, LLC ("Parallon"), who file this joint objection to the sale of the Debtors' assets as proposed in the *Motion Under 11 U.S.C. §§ 363(b) and (f) and 365* (Dkt. #183) filed by the Debtors on July 14, 2016 (the "Sale Motion"), and respectfully state:

### PRELIMINARY REMARKS

1.

The Chapter 11 debtors in these jointly-administered Chapter 11 cases – Progressive Acute Care, LLC, Case No. 16-50740, Progressive Acute Care Avoyelles, LLC, Case No. 16-80584, Progressive Acute Care Oakdale, LLC, Case No. 16-50742, and Progressive Acute Care Winn, LLC, Case No. 16-50743, sometimes hereafter referred to as the "Joint Debtors" – all

4501784_1

filed for relief under the Bankruptcy Code on May 31, 2016.

2.

The Schumacher Group holds a prepetition secured claim based on a state court judgment in excess of $1.44 million in the aggregate with respect to the Joint Debtors in these jointly-administered Chapter 11 cases.

3.

Sheridan holds a prepetition secured claim based on a state court judgment in the amount of $823,648.92 with respect to the Debtor, Progressive Acute Care, LLC, in these jointly-administered Chapter 11 cases.

4.

Parallon holds a prepetition unsecured claim in excess of $1,200,000.00 with respect to the Debtor, Progressive Acute Care, LLC, in these jointly-administered Chapter 11 cases.

5.

The Schumacher Group, Sheridan and Parallon constitute a group of most of the largest creditors in these jointly-administered cases, a group which is owed approximately $3.47 million in the aggregate in prepetition indebtedness by the Joint Debtors.

**OBJECTION TO PROPOSED ASSET SALE**

6.

On information and belief, the sales process utilized by the Joint Debtors has not resulted in the highest possible sale price for the Joint Debtors' assets.

7.

The Sale Motion states that the Joint Debtors, with the assistance of SOLIC Capital Advisors, LLC ("SOLIC") as financial consultants, "have been actively pursuing sale alternatives of PAC and/or any of its four (4) hospitals since no later than April 2, 2015."

4501784_1

However, except for noting that SOLIC contacted a number of "potential buyers" and "parties" and some of those parties executed "confidentiality agreements," the Sale Motion contains no meaningful details as to the process employed by the Joint Debtors and SOLIC to market the hospitals. The Joint Debtors have the burden to demonstrate that their efforts have been sufficient to test the market for the values of the assets to be sold. Indeed, according to the schedules filed by Progressive Acute Care, LLC (Dkt. #123), the assets to be sold have an aggregate appraised value of $21,805,364.00, or about double the total value of the stalking horse bid.

8.

The Joint Debtors and SOLIC made no effort to contact The Schumacher Group, Sheridan or Parallon, all of whom have extensive contacts in the hospital industry, seeking assistance to market the hospitals. Also, the Joint Debtors did not see fit to keep The Schumacher Group, Sheridan or Parallon informed in any way as to the Joint Debtors' supposed efforts to sell the hospitals.

9.

Progressive Acute Care, LLC already has been found to have acted in bad faith in connection with the prepetition sale of the assets of Progressive Acute Care, Dauterive, LLC, an affiliate that now is a Chapter 7 debtor. During the arbitration proceeding that resulted in the awards on which Sheridan's claim is based, the arbitrator entered an interim award ordering Progressive Acute Care, LLC to place in a designated escrow account the sum of $577,000.00 from the sale proceeds to serve as security for Sheridan's claim. See attached Exhibit "A". Progressive Acute Care, LLC consummated the sale without notice to Sheridan or the arbitrator and then refused to make the ordered escrow deposit from the sale proceeds. Following briefing and an evidentiary hearing, the arbitrator found that the refusal to make the escrow deposit

constituted "'bad faith', lack of cooperation and abuse of process," and he entered a second interim order imposing a fine against Progressive Acute Care, LLC of $1,000.00 per day from December 31, 2015 until the escrow deposit was made.  See attached Exhibit "B".  With this background of intentional bad faith conduct in connection with the prepetition sale of a valuable asset, the Court should scrutinize the Joint Debtors' conduct in connection with the Sale Motion.

10.

Because the "consideration" included in the Sale Price currently proposed by the Joint Debtors consists in part of the buyer's assumption of liabilities on personal property leases, paid-time-off liability and certain unpaid post-petition liabilities, on information and belief, the "cash" component of the Sale Price is most likely an amount that is significantly less than the cash price that would be obtained for sale of the Debtors' assets without a related assumption by the buyer of liabilities.

11.

Neither the *Asset Purchase Agreement* executed by and between the Debtors and the stalking horse bidder, Central Louisiana Hospital Group, LLC ("CLHG"), nor the generic *Asset Purchase Agreement* proposed by the Joint Debtors for all potential bidders, expressly states that the Joint Debtors have the right to seek specific performance if the bidder fails to perform under a winning bid offer.  Paragraph 12 of the *Bidding Procedures* appears to provide that the "Successful Bidder" is at risk only of forfeiting its "Earnest Money Deposit" if it fails to close the transactions in question, *i.e.*, the Joint Debtors seemingly do not have the legal right to enforce specific performance or to seek damages from the successful bidder arising from its failure, inability or refusal to close.  Finally, on information and belief, CLHG is simply a special purpose entity created solely to submit a bid for the assets of the Joint Debtors and, at this time, has neither meaningful assets nor any other hospital or business operations.  Consequently, the

current sale scenario proposed by the Joint Debtors will not lead to the submission of bids by parties financially capable of fully performing under a successful bid or, for that matter, parties who place at risk their general credit to secure their performance under a successful bid.

12.

The Schumacher Group, Sheridan and Parallon each reserve the right to further object on grounds pertinent to their respective individual situations to the proposed sale of the Joint Debtors' assets.

For these reasons, The Schumacher Group, Sheridan and Parallon pray that the sale of the Joint Debtors' assets proposed in the Sale Motion be denied.

Filed this 16th day of August, 2016.

        By:   /s/ Joseph P. Hebert
                Joseph P. Hebert
                (LA #6734; TX #00789095)
                LISKOW & LEWIS
                822 Harding St.
                Lafayette, LA 70503
                Telephone: (337) 232-7424
                Fax: (337) 267-2399
                Email: *jphebert@liskow.com*

                *Attorneys for The Schumacher Group of Louisiana, Inc., Iberia Physician Services, LLC, Iberia Emergency Group, LLC, Avoyelles Emergency Group, LLC, Winn Emergency Group, LLC and Allen Emergency Group, LLC*

        By:   /s/ John M. Landis
                John M. Landis (LA #7958)
                STONE PIGMAN WALTHER WITTMANN L.L.C.
                546 Carondelet Street
                New Orleans, Louisiana 70130-3588
                Telephone: (504) 581-3200
                Fax: (504) 581-3361
                Email: jlandis@stonepigman.com

                *Attorneys for Sheridan Healthcare of Louisiana, Inc.*

        By:   /s/ Victoria V. Theriot
                Cliff A. LaCour (LA #30581)
                Victoria V. Theriot (LA #33422)
                NEUNER PATE
                1001 W. Pinhook Road, Suite 200
                Lafayette, LA 70503
                Telephone: (337) 237-7000
                Fax: (337) 233-9450
                Email: clacour@neunerpate.com
                Email: ttheriot@neunerpate.com

                *Attorneys for Parallon Business Solutions, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 16th day of August, 2016, the foregoing *Joint Objection To Proposed Sale Of Debtors' Assets* has been filed electronically with the Clerk of Court using the CM/ECF system and notice of this filing has been sent to all parties or counsel of record who have registered to receive electronic service via the Court's ECF Filing System. I further certify that, on the same date, the above-mentioned filing was also sent to the following persons via electronic mail:

- J. Eric Lockridge (eric.lockridge@keanmiller.com);
- Boris I. Mankovestskiy (bmankovetskiy@sillscummis.com);
- Andrew H. Sherman (asherman@sillscummis.com);
- Gail Bowen McCulloch (gail.mcculloch@usdoj.gov);
- Barbara B. Parsons (bparsons@steffeslaw.com);
- Michael H. Piper (mpiper@steffeslaw.com);
- Noel Steffes Melancon (nsteffes@steffeslaw.com);
- William E. Steffes (bsteffes@steffeslaw.com);
- Office of U.S. Trustee (USTPRegion05.SH.ECF@usdoj.gov);

and to the following via United States First Class Mail, postage prepaid and properly addressed:

Progressive Acute Care, LLC
Post Office Box 5309
Abita Springs, LA 70420

Stephen D. Wheelis
Richard A. Rozanski
Wheelis & Rozanski
P.O. Box 13199
Alexandria, LA 71315-3199

Lafayette, Louisiana, this 16th day of August, 2016.

    By:  /s/ Joseph P. Hebert
        Joseph P. Hebert
        (LA #6734; TX #00789095)
        LISKOW & LEWIS
        822 Harding St.
        Lafayette, LA 70503
        Telephone: (337) 232-7424
        Fax: (337) 267-2399
        Email: *jphebert@liskow.com*

*Attorneys for The Schumacher Group of Louisiana, Inc., Iberia Physician Services, LLC, Iberia Emergency Group, LLC, Avoyelles Emergency Group, LLC, Winn Emergency Group, LLC and Allen Emergency Group, LLC*