# EXHIBIT "A"

AMERICAN HEALTH LAWYERS ASSOCIATION
IN THE MATTER OF THE ARBITRATION BETWEEN

| | |
|---|---|
| SHERIDAN HEALTHCARE OF LOUISIANA, INC. § § § *Claimant* § vs. § § PROGRESSIVE ACUTE CARE, LLC § D/B/A DAUTERIVE HOSPITAL § § *Respondent* § | AHLA Case No. 3243  Arbitrator Allen J. Krouse, III |

## INTERIM AWARD OF ARBITRATOR

I, the undersigned Arbitrator, having been designated by the American Health Lawyers Association and the Contract entered into by the above named Parties, and having duly heard the proofs and allegations of the Parties in a summary proceeding FINDS AND AWARDS the following interim relief as follows:

Pursuant to Rules 9.1-9.6 of the American Health Lawyers Association's (AHLA) Rules of Procedure for Arbitration ("Rules"), Claimant, Sheridan Health Care of Louisiana, Inc. ("Sheridan") has filed a request for emergency relief against Respondent, Progressive Acute Care, LLC d/b/a Dauterive Hospital ("Progressive"). Counsel for Progressive confirms that Dauterive Hospital will be acquired by Iberia Medical Center on December 31, 2015. (See Opp. Memo, fn. 1) Sheridan requests the arbitrator to take immediate action, including issuing interim injunctive relief or an order of sequestration to protect certain property rights at issue in light of an impending sale of the health care facility.

## FACTS AND PROCEDURAL HISTORY

Sheridan originally filed a complaint for breach of contract and failure to pay an open account against Progressive in U.S. District for the Western District of Louisiana ("Complaint") on October 12, 2015. In response, Progressive submitted the dispute to The American Health Lawyers Association, pursuant to the Alternate Dispute Resolution clause in the Professional Services Agreement between Sheridan and Progressive. The federal lawsuit was stayed pending

1

arbitration. The effective date of the Agreement is May 1, 2013. The validity of the Agreement is <u>not</u> in dispute.

The Professional Services Agreement provides that Dauterive Hospital Corporation, a Louisiana Corporation entered into an Asset Purchase agreement with Progressive, a South Carolina Limited Liability Company pursuant to which the assets of Dauterive Hospital were expected to be sold by Dauterive to Progressive on May 1, 2013. Progressive retained Sheridan to provide anesthesiology services to Dauterive Hospital in New Iberia, Louisiana.

The Alternate Dispute Resolution paragraph invoked provides as follows:

"<u>Alternate Dispute Resolution.</u> In the event of any controversy or dispute related to or arising out of this Agreement, the parties agree to meet and confer in good faith to attempt to resolve the controversy or dispute without an adversary proceeding. If the controversy or dispute is not resolved to the mutual satisfaction of the parties within five (5) business days of notice of the controversy or dispute, the Facility shall have the option of submitting the controversy or dispute to arbitration, which shall be conducted in the county and the state in which the Facility is located. If the controversy or dispute is submitted to arbitration, the parties shall select the arbitrator within ten (10) calendar days after the Facility notifies Contractor that the controversy or dispute will be submitted to arbitration, If the parties are unable to agree on an arbitrator, either Facility or Contractor may petition the American Arbitration Association or the American Health Lawyer Association (the "Arbitration Company") for the appointment of an arbitrator according to the procedures for such appointment provided under the Arbitration Company's rules for commercial arbitration. The costs of such arbitration (excluding the attorneys' fees and costs of each of the parties) shall be shared equally by the parties. The arbitration shall commence within a reasonable time after the claim, dispute, or the matter in question has arisen, and in no event shall it commence after the date when institution of legal or equitable proceedings based on such claim, dispute, or other matters in question would be barred by the applicable statute of limitations. The arbitration shall be conducted in a summary manner upon written briefs of the parties if the arbitrator believes that such summary procedure will be adequate to resolve all contested issues fairly. The parties shall submit their briefs to the arbitrator within fifteen (15) calendar days following selection of the arbitrator. The arbitrator shall not be required to observe or carry out formalities or usual procedures such as pleadings or discovery or the strict rules of evidence. The arbitrator shall decide all matters submitted to him or her within twenty-one (21) calendar days following the arbitrator's receipt of briefs or conclusion of any necessary hearings. The parties reserve the right to contest the arbitrator's decision and to appeal from any award. No disclosure of the award shall be made by the parties except as required by the law or as necessary or appropriate to effectuate the terms thereof. To the extent permitted by law, the parties hereby jointly and severally waive any and all right

to trial by jury in any action or proceeding arising out of or relating to this Agreement, or the obligations hereunder. The parties each represent to the other that this waiver is knowingly, willingly and voluntarily given."

The contract also calls for the application of Louisiana law in paragraph R.

Sheridan alleges that there has been an ongoing dispute arising out of the May 1, 2013 Professional Services Agreement ("Initial Agreement") between Sheridan and Progressive wherein Sheridan agreed to provide anesthesiology services to Dauterive Hospital in exchange for payment. By June 26, 2014 Progressive had failed to meet its obligations to Sheridan and owes Sheridan $755,932.00 for anesthesiology services provided.

As a result of initial efforts to resolve the open account, Sheridan and Progressive met on or before July 11, 2014 and amended the Initial Agreement as reflected in the First Amendment to Professional Services Agreement ("First Amended Agreement"). In the First Amended Agreement, Progressive acknowledged that it owed Sheridan $755,932.00 and a payment plan was established. Progressive **"agree[d] not to dispute the debt amount at any time in any manner whatsoever and agreed that the damages for breach of that covenant shall be the full amount of the debt amount and any attorney's fees, costs, and expenses in connection with such breach."** (emphasis added)

Although some payments were made after July 11, 2014, Progressive now owes Sheridan $504,940.50 plus interest, attorney fees and costs. Progressive has failed to respond to Sheridan's notice of demand for payment dated July 29, 2015. To date that amount totals approximately $577,000.00 (Sheridan brief page 2).

On December 11, 2015, Sheridan applied for emergency relief with AHLA and the Arbitrator was appointed. Thereafter, a telephone status conference was held on December 15, 2015 with counsel for both parties, Anna Cavnar representing Sheridan and Ryan Goudelocke representing Progressive. Following the discussion of disclosures, the Arbitrator was accepted by counsel for the parties. Counsel for Progressive was ordered to file a memorandum in opposition to the Request for Emergency Relief no later than December 21, 2015. Counsel for Sheridan was ordered to file a reply memorandum no later than December 23, 2015. Each counsel agreed to this briefing schedule. The Request for Emergency Relief was then submitted to the Arbitrator.

16-50740 - #264-1  File 08/16/16  Enter 08/16/16 16:04:21  Exhibit A Pg 4 of 9

Having reviewed the Application for Emergency Relief and exhibits, the Opposition Memorandum and Reply Memorandum and applicable law, the Arbitrator rules as follows:

## LEGAL ANALYSIS

Rule 9.3 of AHLA's Rules controls the standard of review in this instance:

> Once appointed, an arbitrator will determine whether to award emergency relief based on how likely the Claimant is to succeed on the merits; how much irreparable injury the Claimant will suffer without emergency relief; and whether, on balance, the benefits of emergency relief to the Claimant outweigh the burdens such relief would impose on the Respondent. Whenever it is practical to do so, the arbitrator will provide the Respondent an opportunity to respond orally and in writing before ruling on the petition. However, in exigent circumstances, the arbitrator may act on the petition without receiving argument from both sides.

## INJUNCTIVE RELIEF

Sheridan seeks injunctive relief under Article 3601 of the Louisiana Code of Civil Procedure.

Art. 3601. Injunction, grounds for issuance; preliminary injunction; temporary restraining order

- A. An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law; provided, however, that no court shall have jurisdiction to issue, or cause to be issued, any temporary restraining order, preliminary injunction, or permanent injunction against any state department, board, or agency, or any officer, administrator, or head thereof, or any officer of the state of Louisiana in any suit involving the expenditure of public funds under any statute or law of this state to compel the expenditure of state funds when the director of such department, board, or agency or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature.

- B. No court shall issue a temporary restraining order in cases where the issuance shall stay or enjoin the enforcement of a child support order when the Department of Children and Family Services is providing services, except for good cause shown by written reasons made a part of the record.

4

C. During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, except in cases where prohibited, in accordance with the provisions of this Chapter.

D. Except as otherwise provided by law, an application for injunctive relief shall be by petition.

Referencing Louisiana Code of Civil Procedure Article 3601, the Louisiana Supreme Court has explained that injunctive relief is designed to "prevent the occurrence of future acts that may result in irreparable injury, loss or damage to the applicant." *Broadmoor, LLC v. Ernest N Morial New Orleans Exhibition Hall Authority*, 867 So. 2d 651,655 (La. 2004). While an action for injunction is pending, the trial court may issue a temporary restraining order, preliminary injunction, or both. *Id*. A preliminary injunction may be issued in order to preserve the status quo until trial on the merits of the permanent injunction. *Id.* The preliminary injunction may issue upon a *prima facie* showing that the plaintiff is entitled to relief. *Mary Moe, L.L.C. v. Louisiana Board of Ethics*, 875 So. 2d 22 (La. 2004). Courts have great discretion in granting or denying a preliminary injunction. *Smith v. West Virginia Oil & Gas Company*, 373 So. 2d 488 (La. 1979).

Injunctive relief may be awarded under both the ALHA rules for arbitration and Louisiana Law. Under ALHA Rule 7.5, an arbitrator may award "any relief authorized by contract or applicable law that appears to be fair under the circumstances, including specific performance of a contract."

Under the Alternate Dispute Resolution provision of the Professional Services Agreement between the parties, the arbitration "...shall be conducted in a summary manner upon written briefs of the parties if the arbitrator believes that such summary procedure will be adequate to reach all contested issues fairly." Further, the rules of the proceeding are relaxed, and the arbitrator "shall not be required to observe or carry out the formalities or usual proceedings such as pleadings or discovery or the strict rules of evidence."

The language of the First Amendment to the Professional Services Agreement is plain and the intent of the parties is clear. Paragraph two provides, in pertinent part:

**Irrevocable Acknowledgment of Debt Owed**. Under the terms of the Agreement, the Facility (Progressive) was required to pay the Contractor

5

(Sheridan) monies which have not been paid. The Facility and the Contractor each *irrevocably agree and acknowledge that the sum of monies owed* to Contractor is...$755,932.00 ("*The Debt Amount*"). The Facility agrees *not to dispute the Debt Amount at any time in any manner whatsoever* and agrees that the damages for breach of that covenant shall be the full amount of the Debt Amount and any attorney's fees, cost [sic] and expenses in connection with any such breach. (Emphasis added).

The Arbitrator agrees with Sheridan's argument that Progressive's actions directly violate its agreement "not to dispute the debt amount at any time in any manner whatsoever" and necessitate injunctive relief in this case. In this instance, Sheridan has made a *prima facie* showing that it is likely to prevail on the merits. *McCord v. West, 983 So. 2d 133,140 (La. App. 5th Cir. 2008)*. The Arbitrator finds that Sheridan will likely suffer irreparable injury without injunctive relief based upon Progressive's past conduct over several months that the undisputed debt amount is not paid and the impending sale of the hospital.

In its Opposition Memorandum, Progressive argues that it's "...increased liquidity from the sale proceeds would appear to ease recover, not complicate it. Sheridan cannot possibly prefer to have to seek execution on any judgment, with concomitant seizure and sale of property, over collection of liquid funds which Progressive should realize as a result of selling a significant asset." (Opposition Memorandum, page 2). The arbitrator rejects this argument.

Louisiana courts have long held that injunctive relief may be proper both where monetary judgment is expected to be valueless due to insolvency of the judgment debtor and for "other reasons" such as evidence that the judgment would not likely be paid. *See Mid-South Plumbing, L.L.C. v. Dev. Consortium-Shelley Arms, L.L.C. (La. App. 4th Cir. 2013)*. See also *Ciambotti v. Decatur-St. Louis, Lupin, Properties Ventures 533 So.2d 1352 (La. App. 3rd Cir. 1988)*. "If a judgment would be valueless because of insolvency of the judgment debtor or other reasons, injunctive relief is proper."

In the instant case, the Arbitrator finds that injunctive relief is proper. The Arbitrator finds that Sheridan is entitled to injunctive relief to achieve the narrow purpose to preserve the existing status quo pending an arbitration of the issues on the merits of the case. *See Franz v. Cormier 579 So.2d 1201,1202*. In its reply memorandum, Sheridan clarifies that it is not asking to enjoin the sale of Dauterive Hospital; to freeze Progressive's existing accounts, or to

6

otherwise prohibit use of its funds. (see Reply Memorandum, page 6). Sheridan has requested that the proceeds from any sale of Dauterive Hospital in the amount Progressive has agreed is immediately due be set aside in escrow until the conclusion of arbitration to ensure that satisfaction of judgment remains available.

As stated in the *Ciambotti* case sited above, insolvency of the judgment debtor is only one reason why injunctive relief may be proper. In this case, "time is of the essence" due to the impending sale of the hospital on December 31, 2015. Moreover, Progressive has agreed that the debt is immediately due.

Under the unique circumstances of this case, injunctive relief is justified as Sheridan cannot be assured that the status quo will be maintained. *See Oestreicher v. Hackett, 660 So. 2d 29 (La. App. 4th Cir.1995), writ denied, 664 So. 2d 422 (La. 1995).*

The Arbitrator finds that Sheridan has demonstrated that it would succeed on the merits. Sheridan has demonstrated irreparable injury that it would suffer without emergency relief, as it cannot be assured that the status quo will be maintained and the debt will be paid prior to the sale of the hospital and specifically finds that the benefits of emergency relief to Sheridan outweigh the burden such relief would impose on Progressive.

## DECREE

For the forgoing reasons, Sheridan's request for injunctive relief on an emergency basis is GRANTED.

IT IS ORDERED that Progressive deposit $577,000.00 in escrow in a financial institution designated by Sheridan, in New Iberia, Louisiana, no later than December 30, 2015. The monies are ordered to be held in escrow until an arbitration on the merits of the case is held. A telephone conference will be held on Monday, December 28, 2015 at 10:00 a.m. CST to select a date for the arbitration.

Sheridan's request for sequestration is DENIED AS MOOT.

Dated: December 24, 2015

                                            ALLEN J. KROUSE, III
                                            ARBITRATOR

8

16-50740 - #264-1  File 08/16/16  Enter 08/16/16 16:04:21  Exhibit A Pg 9 of 9