# EXHIBIT "B"

AMERICAN HEALTH LAWYERS ASSOCIATION
IN THE MATTER OF THE ARBITRATION BETWEEN

| | |
|---|---|
| SHERIDAN HEALTHCARE OF LOUISIANA, INC. § § § § *Claimant* § vs. § § PROGRESSIVE ACUTE CARE, LLC § D/B/A DAUTERIVE HOSPITAL § § *Respondent* § | AHLA Case No. 3243<br><br>Arbitrator Allen J. Krouse, III |

## INTERIM AWARD #2 OF ARBITRATOR

I, the undersigned Arbitrator, having been designated by the American Health Lawyers Association and the Contract entered into by the above named Parties, and having duly heard the proofs and allegations of the Parties in a hearing on February 2, 2016, FINDS AND AWARDS the following interim relief as follows:

### FACTS AND PROCEDURAL HISTORY

On December 24, 2015 the undersigned Arbitrator rendered an Interim Award of Arbitrator in which he ordered that Progressive Acute Care, LLC ("Progressive") deposit $577,000.00 in escrow in a financial institution designated by Sheridan Healthcare of Louisiana, Inc. ("Sheridan") no later than December 30, 2015. The monies were ordered to be held in escrow until an arbitration on the merits of the case was held. Sheridan's request for injunctive relief on an emergency basis was granted under Louisiana law and pursuant to Rules 9.1-9.6 of the American Health Lawyers Association ("AHLA") Rules of Procedure for Arbitration ("Rules").

On January 25, 2016, counsel for Sheridan wrote to the Arbitrator to request emergency relief and an emergency hearing following the "blatant refusal" by Progressive to comply with the Interim Award of Arbitrator that was issued on December 24, 2015.

A telephone status conference was held on January 26, 2016 and an order was issued setting an emergency hearing on Progressive's failure to comply with the Interim award of the Arbitrator for February 2, 2016. At the hearing, George Freeman, III and Anna Cavnar represented the Claimant, Sheridan while Ryan Goudelocke represented Progressive. The sole witness called at the emergency hearing was the Chief Financial Officer of Progressive, Wayne Thompson.

The hearing was held before a court reporter and Progressive Exhibits A-G were offered, filed and introduced into evidence along with Sheridan Exhibits 1 and 2.

1

This dispute between the parties in this arbitration involves Progressives failure to pay an open account for anesthesiology services rendered at Dauterive Hospital in an amount that Progressive irrevocably acknowledged was owed and "agreed not to dispute at any time or in any manner whatsoever" in the first amendment to professional services agreement between the parties. See Interim Award at 5-6 ("Agreement"). Sheridan became seriously concerned that a judgment issued against Progressive was unlikely to be paid because of Progressive's demonstrated unwillingness to pay a debt it had previously agreed was owed, combined with the imminent sale of Dauterive Hospital. The Interim Award provided that the December 30, 2015 deadline was selected to coincide with the then pending sale of Dauterive Hospital on December 31, 2015 to "assure that the status quo will be maintained and that the debt will be paid prior to the sale of the Hospital." *Id.*

As of this date, Progressive has failed to comply with the Interim Award.

On January 6, 2016 counsel for Sheridan contacted Progressive's counsel via telephone and learned that the sale of the hospital had been postponed for reasons unrelated to reasons to this arbitration and that compliance with the Interim Award had been delayed accordingly. On January 22, 2016, counsel for Sheridan again communicated with Progressive's counsel to inquire about the status of the sale. Progressive's counsel disclosed that the sale of the hospital had been completed on January 14, 2016. When asked whether Progressive had placed the money in escrow pursuant to the Interim Award, Progressive's counsel indicated that he was waiting for confirmation from his client. On January 22, 2016, Progressive's counsel communicated the following via email: "yesterday evening Progressive's CFO did confirm in response to your inquiry I had sent him that Progressive did not comply with the escrow order." See letter dated January 25, 2016 from George C. Freeman, III counsel for Sheridan, page 3, Exhibits D and E. According to Progressive, it had not been provided any explanation or even notice to either AHLA or Sheridan regarding its ongoing refusal to comply with the Interim Award. Sheridan argues that Progressive's actions directly violate both the Interim Award and the Authority of this tribunal, to which Progressive agreed to submit when it invoked its right to arbitration under the Alternative Dispute Resolution Provision of the Agreement between the parties and as confirmed through its representation to counsel on December 29, 2015. (see exhibit C).

At the hearing on February 2, 2016, counsel for both parties agreed that the undersigned Arbitrator had the authority to conduct the hearing and render an award consistent with the evidence and the law under the AHLA rules.

In December 2015, Progressive failed to provide Exhibits A-G or an affidavit from its chief financial officer, Wayne Thompson, to provide an explanation or justification to the Arbitrator for its inability to comply with the injunction and the mandate of the tribunal that $577,000.00 be placed in escrow no later than December 30, 2015. No argument was presented that it would be "impossible" to comply with the Interim Award. Progressive belatedly argues that Sheridan was not entitled to injunctive relief. Progressive argues that the escrow of the funds

2

sought by Sheridan very well might pose an existential threat to Progressive's business as a whole including its three other community hospitals serving Marksville, Linfield and Oakdale, Louisiana.

However, there is no dispute that the hospital was sold on January 14, 2016. There is no dispute that the CFO Thompson was aware of the Interim Award and order that required $577,000.00 be deposited into an escrow and Thompson chose to ignore the Award.

The Arbitrator rejects the argument by Progressive that there actions were excusable by demonstrating that it was unable to comply with the Order of the Court due to financial restraints. The property sold for $8.5 million.

When an Arbitration clause is broad, Arbitrators have the discretion to order such remedies as they deem appropriate. See *Banco de Seguros Del Estado v. Mutual Marine Office, Inc.,* 344 F.3d at 262. See AHLA Rules 4.14 and 7.5.

As such, the Arbitrator concludes that the parties' agreement to arbitrate in this case was sufficiently broad to confer equitable authority on the Arbitrator to sanction a party's bad faith participation in the Arbitration. The Arbitrator finds that compliance with the Interim Award was not impossible.

In this instance, the Arbitrator specifically finds that Progressive's deliberate and intentional act of failing to abide by the Interim Award of the Arbitrator dated December 24, 2015 constitutes "bad faith", lack of cooperation and abuse of the process, and, as such, gives rise to the exception of the generally applicable American Rule that each party bears its own attorney fees. See AHLA Rule 7.5(c).

## **DECREE**

Sheridan's Request for Emergency Relief is granted. The Arbitrator awards Sheridan Healthcare of Louisiana, Inc. its attorney's fees and costs associated with filing this arbitration proceeding. Further, the Arbitrator finds that as a sanction for its deliberate failure to abide by the Interim Award of Arbitrator dated December 24, 2015, Progressive will be imposed a fine of $1,000.00 per day from December 31, 2015 until such time as $577,000.00 is deposited into the Iberia Bank, in New Iberia, Louisiana in escrow, as previously ordered.

Dated: February 5, 2016

ALLEN J. KROUSE, III
ARBITRATOR

3

16-50740 - #264-2   File 08/16/16   Enter 08/16/16 16:04:21   Exhibit B  Pg 4 of 4