UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
Lafayette Division

| | |
|---|---|
| IN RE: | CASE NO. 16-50740 |
| PROGRESSIVE ACUTE CARE, LLC, et al. | CHAPTER 11 |
| DEBTORS | JOINTLY ADMINISTERED |

### RESPONSE TO OBJECTION OF THE SCHUMACHER GROUP ENTITIES TO PROPOSED ASSET SALE

**NOW INTO COURT**, through undersigned counsel, come Progressive Acute Care, LLC ("PAC"), Progressive Acute Care Avoyelles ("PAC Avoyelles"), LLC, Progressive Acute Care Oakdale, LLC ("PAC Oakdale") and Progressive Acute Care Winn, LLC ("PAC Winn") as debtors and debtors-in-possession (collectively, the "Debtors"), which in response to the *Objection of the Schumacher Group Entities to Proposed Asset Sale,* filed by The Schumacher Group of Louisiana, Inc., Iberia Physician Services, LLC, Iberia Emergency Group, LLC, Avoyelles Emergency Group, LLC, Winn Emergency Group, LLC and Allen Emergency Group, LLC (collectively, "The Schumacher Group") [P-266], respectfully represent as follows:

1.

On July 14, 2016, the Debtors filed their *Motion Under 11 U.S.C. §§ 363(b) and (f) and 365 for: (I) Preliminary Order (i) Approving Bidding Procedures and Stalking Horse Bid and Fee, (ii) Prescribing Notice Requirements, and (iii) Setting Hearing Date, Time and Place for Auction of Debtors' Property; and, for (II) Order Approving Sale of Assets and Assumption and Assignment of Certain Contracts and Leases and Amounts of Cure, if any, Related Thereto* (P-183) (the "Bidding Procedures Motion") relating to a proposed sale of substantially all assets of the

Debtors (the "Sale"). This Court entered an Order [P-226] approving the *Bidding Procedures Motion* on July 29, 2016, overruling the objections of The Schumacher Group.

2.

Each of the Debtors filed a voluntary petition for relief under title 11 of the U.S. Code ("Bankruptcy Code") on May 31, 2016 ("Petition Date"). Although the Debtors contemplated filing these cases after an asset purchase agreement had been fully negotiated and executed, creditor action, *including action taken by The Schumacher Group*, as judgment creditors, precipitated the case filings before this goal could be achieved.

3.

Through their Objection, The Schumacher Group argues that the Sale cannot be accomplished because the requirements of 11 U.S.C. §363(f) have not been satisfied. Section 363(f) of the Bankruptcy Code provides that property of the estate may be sold free and clear of any interest of a non-debtor entity if such interest is in bona fide dispute. 11 U.S.C. §363(f)(4). In support of the Objection, The Schumacher Group argues, *inter alia*, that their judicial liens ("Liens") are not in bona fide dispute. The Schumacher Group offers nothing in support of such assertion.

4.

By contrast, the Debtors maintain that the Liens are in bona fide dispute; and, they have already taken action in furtherance of such dispute. Specifically, on July 15, 2016, the Debtors commenced a preference action[1] ("Avoidance Action") against The Schumacher Group, alleging that the Liens are avoidable pursuant to 11 U.S.C. §547(b). The Liens arise from judgments

---

[1] *See Progressive Acute Care Avoyelles, LLC, et al., vs. The Schumacher Group of Louisiana, Inc., et al.*, Adversary Proceeding No. 16-05016, U.S. Bankruptcy Court, Western District of Louisiana.

rendered in March 2016 and recorded shortly thereafter in the parishes in which each of the Debtors' property is located. The Avoidance Action currently remains pending before this Court.

5.

The creation of judicial Liens by The Schumacher Group within 90 days of the Petition Date constitute preferential transfers avoidable by the Debtors under 11 U.S.C. §547(b). The Liens do not qualify under any avoidance exception provided for under Section 547. As such, they are without question in bona fide dispute.

6.

Given the nature of the Liens and the action taken by the Debtors to avoid the Liens, the requirements of Section 363(f) have been met; and, the Objection is thus without merit.

WHEREFORE, the Debtors respectfully request that this Court overrule the objections of The Schumacher Group and grant the final relief sought through the Bidding Procedures Motion.

Respectfully submitted by:

/s/ Barbara B. Parsons
WILLIAM E. STEFFES (#12426)
BARBARA B. PARSONS (#28714)
NOEL STEFFES MELANCON (La. Bar No. 30072)
**STEFFES, VINGIELLO & McKENZIE, L.L.C**.
13702 Coursey Boulevard, Bldg. 3
Baton Rouge, Louisiana 70817
Telephone: (225) 751-1751
Fax: (225) 751-1998
Email: bparsons@steffeslaw.com

*Counsel for Debtors*