**SO ORDERED.**

**SIGNED August 31, 2016.**



_____
**ROBERT SUMMERHAYS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF LOUISIANA
### Lafayette Division

| | |
|---|---|
| IN RE: | CASE NO. 16-50740 |
| PROGRESSIVE ACUTE CARE, LLC, et al. | CHAPTER 11 |
| DEBTORS | JOINTLY ADMINISTERED |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Progressive Acute Care, LLC ("PAC"), Progressive Acute Care Avoyelles, LLC ("PAC Avoyelles"), Progressive Acute Care Oakdale, LLC ("PAC Oakdale") and Progressive Acute Care Winn, LLC ("PAC Winn") as debtors and debtors-in-possession (collectively, the "Debtors" or sometimes referred to as "Sellers"), in the above-captioned administratively consolidated cases (the *"Chapter 11 Cases"*), filed a *Motion Under 11 U.S.C. §§ 363(b) and (f) and 365 for: (I) Preliminary Order (i) Approving Bidding Procedures and Stalking Horse Bid and Fee, (ii) Prescribing Notice Requirements, and (iii) Setting Hearing Date, Time and Place for Auction of Debtors' Property; and, for (II) Order Approving Sale of Assets and Assumption and Assignment of Certain Contracts and Leases and Amounts of Cure, if any, Related Thereto* (Doc.183)(the "Sale

Motion"), and the Supplemental Motion thereto filed on August 25, 2016 [Doc. 282] (the "Amended Sale Motion"). The Court held a preliminary hearing on the Sale Motion on July 26, 2016, for the purpose of considering (i) approval of the Proposed Stalking Horse Bid, as set forth in the Asset Purchase Agreement[1] ("APA") submitted by Central Louisiana Hospital Group, LLC ("CLHG"[2]), (ii) the Proposed Bid Procedures, prescribing Notice requirements, and setting a date, time and place for Auction. Following that hearing, the Court entered a Preliminary Order [Doc. 226] (the "Procedures Order"), setting the matter for final hearing ("Sale Hearing") on August 26, 2016. The Auction was set to take place on August 22, 2016, if any other parties other than CLHG became Qualified Bidders prior to noon CDT on August 19, 2016. Debtors' counsel represented that notice of the auction and the hearing was duly given to all creditors, other parties in interest, and certain other persons in accordance with the terms of the Procedures Order. No other persons became Qualified Bidders; so, under the Procedures Order, CLHG was the only Qualified Bidder and no auction was conducted.

There being no other Qualified Bidders, CLHG was deemed to be the Successful Bidder (as defined in the Procedures Order) for the Purchased Assets and assumption and assignment of certain Assumed Contracts ("the Sale and Assignments") as set forth in the APA, as modified by the parties in the Amendment to Asset Purchase Agreement [Doc. 282][3] ("the Amended APA") (the APA as modified by the Amended APA collectively referred to as "the Final APA").

As provided in the Procedures Order, the Court took up the hearing on approval of the bid and consideration of entry of a final order approving the Sale and Assignments, pursuant to 11

---

[1] The Asset Purchase Agreement, attached as Exhibit 1 to the *Procedures Order*, represents the Stalking Horse Bid.
[2] "CLHG" herein shall mean Central Louisiana Hospital Group, LLC or its permitted designees, including, Oakdale Real Estate Holdings, LLC, CLHG-Oakdale LLC, Avoyelles Real Estate Holdings, LLC, CLHG-Avoyelles LLC, Winn Real Estate Holdings, LLC, CLHG-Winn LLC.
[3] The Amendment to the Asset Purchase Agreement is attached as Exhibit A to the *Supplemental Motion* [Doc. 282]

U.S.C. §§ 363(b), 363(f) and 365, free and clear of liens, claims and encumbrances as modified by the Final APA. Debtors' counsel represented that proper notice of the Sale Hearing was given in accordance with the requirements set forth in the Procedures Order.

Considering the representations of counsel for the Debtors and CLHG, and the evidence, testimony, and the record of these Chapter 11 Cases,

**THE COURT FINDS THAT:**

The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

1. This Court has jurisdiction to hear and determine the Sale Motion and Amended Sale Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A) and (N).

2. Sufficient notice of the Sale Motion and the Sale Hearing and the Amended Sale Motion has been provided in accordance with Bankruptcy Rules 2002 and 6004(a), which notice is sufficient for all purposes under the Bankruptcy Code, and no further notice of, or hearing on, the Sale Motion or the Amended Sale Motion is necessary or required.

3. The relief requested in the Sale Motion and the Amended Sale Motion is a reasonable exercise of the Debtors' business judgment, complies with 11 U.S.C. §§ 105, 363, and 365, and is in the best interest of the Debtors, their respective estates and creditors, and all other parties-in-interest.

- 3 -

16-50740 - #291  File 08/31/16  Enter 08/31/16 13:40:45  Main Document  Pg 3 of 5

4. Any delay in consummating the Sale and Assignments will be detrimental to the Debtors, their estates, and their creditors.

5. The bidding and auction procedures established pursuant to the Procedures Order and the procedures for the assumption, assignment and cure of Assumed Contracts are fair and reasonable and have been complied with in all respects.

6. CLHG's bid for the Purchased Assets is fair, reasonable and in good faith and offers the highest and best offer available to the estates and is in the best interests of the Debtors, their respective estates and their creditors.

7. CLHG has been at all times and shall be a purchaser in good faith for purposes of Section 363(m) of the Bankruptcy Code.

8. For purposes of 11 U.S.C. §363(m) and §363(n), CLHG's bids were arm's length, non-collusive bids and were not the subject of or controlled by any agreement among potential bidders.

9. The Sale and Assignments were approved after a hearing properly and timely noticed, at which reasonable opportunity was given to all interested parties to object to the relief requested and to make higher and better offers. The only cure amounts due or which will become due by the estimated date of closing to the other parties to the Assumed Contracts are those set forth on Exhibit "A."

10. Good cause exists for waiving the fourteen-day stay under Bankruptcy Rule 6004(h).

####

- 4 -

16-50740 - #291   File 08/31/16   Enter 08/31/16 13:40:45   Main Document   Pg 4 of 5

Respectfully submitted by:

WILLIAM E STEFFES (LA Bar Roll No. 12426)
Steffes, Vingiello & McKenzie, LLC
13702 Coursey Blvd., Building 3
Baton Rouge, Louisiana 70817
Telephone: (225) 751-1751
Facsimile: (225) 751-1998
E-mail: *bsteffes@steffeslaw.com*
*Counsel for Debtors*