UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE:<br><br>PROGRESSIVE ACUTE CARE, LLC, et al. | CASE NO. 16-50740<br><br>CHAPTER 11<br><br>JOINTLY ADMINISTERED |

**JOINT MOTION TO GRANT THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS LEAVE, STANDING, AND AUTHORITY TO COMMENCE, PROSECUTE, AND SETTLE CLAIMS OF THE DEBTORS AND THEIR ESTATES**

Progressive Acute Care, LLC ("PAC"), Progressive Acute Care Avoyelles, LLC ("PAC Avoyelles"), Progressive Acute Care Oakdale, LLC ("PAC Oakdale"), and Progressive Acute Care Winn, LLC ("PAC Winn," and collectively with PAC, PAC Avoyelels, and PAC Oakdale, the "Debtors") and the Official Committee of Unsecured Creditors of Progressive Acute Care, LLC, *et al.* (the "Committee") submit this Joint Motion to Grant the Official Committee of Unsecured Creditors Leave, Standing, and Authority to Commence, Prosecute, and Settle Claims of the Debtors and Their Estates (this "Motion"), and respectfully state as follows:

1. The Committee has identified and intends to further investigate certain potential causes of action of the Debtors and their estates, including causes of action to recover property for the benefit of the Debtors' estates under Chapter 5 of the Bankruptcy Code (the "Chapter 5 Causes of Action") and potential causes of action against current and former insiders of the Debtors (the "Insider Causes of Action," and together with the Chapter 5 Causes of Action, the "Potential Causes of Action").

2. The Debtors and the Committee have stipulated to the facts set forth in the stipulation attached hereto as Exhibit "A" (the "Stipulation"), which justify granting the

1

Committee leave and the necessary standing to pursue and settle Potential Causes of Action on behalf of the estates. For the reasons set forth in the Stipulation, the Debtors consent to such a grant, and the Debtors and the Committee respectfully request the entry of the Consent Order (the "Consent Order") submitted herewith.

3. Such a grant is consistent with the Bankruptcy Code's acknowledgement of standing on the part of the creditors' committees to pursue claims on behalf of a debtor or its estate and the "long standing" and "nearly universally recognized" practice of "authorizing the prosecution of actions on behalf of an estate by committees . . . upon a showing that such is in the interests of the estate[.]" *In re Adelphia Commc'ns Corp.*, 330 B.R. 364,373 (Bankr. S.D.N.Y. 2005) (citations omitted); *Louisiana World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 247 (5th Cir. 1988) ("The law is well-settled that in some circumstances, a creditors' committee has standing under Title 11, United States Code, section 1103(c)(5) and/or section 1109(b) to file suit on behalf of a debtor-in-possession or a trustee.").

4. The Fifth Circuit, recognizing that the following factors "are relevant considerations, though not necessarily a formalistic checklist," generally requires the following for Chapter 11 creditors' committees to pursue claims on behalf of a debtor or estate: 1) a colorable claim, 2) the debtor-in-possession's refusal to pursue the claim or a conflict of interests that prevents it from pursuing the claim, and 3) leave granted by the bankruptcy court. *Louisiana World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 247 (5th Cir. 1988). The Debtors and the Committee submit that the Debtors' consent is sufficient to grant the Committee the requested authority in this instance, but the foregoing factors nevertheless further support such a grant.

5. With respect to the first factor, the Committee has identified colorable claims that the Committee is in the best position to pursue for the benefit of the estates, including but not

2

7673726_2
3130323 v2

16-50740 - #327  File 10/06/16  Enter 10/06/16 13:38:43  Main Document  Pg 2 of 4

limited to claims against certain parties under sections 544 and 547 of the Bankruptcy Code. The Committee expects that its ongoing investigation of Potential Causes of Action will result in the identification of additional colorable causes of action.

6. With respect to the second factor, the Debtors decline to bring the Potential Causes of Action on their own and defer to the Committee with respect to them. In addition, each of the Debtors' three principal managing officers—Mike Hurlburt, Wayne Thompson, and Daniel Rissing—are guarantors for $1,000,000 (each) of the Debtors' indebtedness to Business First Bank, which may be the target of certain Potential Causes of Action. These guarantees therefore create conflicts of interest that impede the Debtors from investigating and pursuing such Potential Causes of Action, potentially among others.

7. The foregoing supports (i) a determination that the Committee is in a better position than the Debtors to pursue the Potential Causes of Action, including the claims enumerated above, and (ii) a grant of leave to the Committee to pursue such Potential Causes of Action.

8. To obviate the need for the appointment of a chapter 11 trustee to perform duplicative tasks with respect to the Potential Causes of Action and the costs associated therewith, the Debtors and the Committee request that the Court authorize the Committee to pursue the Potential Causes of Action on behalf of the Debtors' estates.

**Prayer**

Wherefore, the Committee and the Debtors pray that the Court enter the Consent Order granting the Committee leave, standing, and authority to commence, prosecute and settle all Potential Causes of Action, including the causes of action and any related causes of action enumerated herein, for the benefit of the Debtors' estates. They further pray for such other and further relief as the Court deems just and appropriate.

3

Respectfully submitted,

Date: October 6, 2016 /s/ William E. Steffes_____
William E. Steffes (La. Bar No. 12426)
Email: bsteffes@steffes.law.com
STEFFES, VINGIELLO & McKENZIE, L.L.C.
13702 Coursey Boulevard Building 3
Baton Rouge, Louisiana 70817
Phone: (225) 751-1751
**Counsel to the Debtors**

-and-

/s/ Andrew H. Sherman_____

Andrew H. Sherman (Bar Roll No. AS6061)
*Admitted Pro Hac Vice*
Email: asherman@sillcummins.com
Boris I. Mankovestskiy (Bar Roll No. BM2376)
*Admitted Pro Hac Vice*
Email: bmankovetskiy@sillscummis.com
Sills Cummins & Gross, P.C.
One Riverfront Plaza
Newark, NJ, 07102
Phone: (973) 643-7000
**Counsel for the Official Committee of Unsecured Creditors**


/s/ J. Eric Lockridge_____

J. Eric Lockridge (#30159)
Email: eric.lockridge@keanmiller.com
Wade R. Iverstine (Bar Roll No. 31793)
Email: wade.iverstine#keanmiller.com
KEAN MILLER LLP
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
Telephone: (225) 387-0999
***Co-Counsel for the Official Committee of Unsecured Creditors***

4

7673726_2
3130323 v2

16-50740 - #327  File 10/06/16  Enter 10/06/16 13:38:43  Main Document  Pg 4 of 4