UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| *In re:* | No. 16-50740 |
| Progressive Acute Care, LLC, *et al.* | Chapter 11 |
| | Substantively Consolidated |

## PAC LIQUIDATION TRUST'S SECOND OMNIBUS OBJECTION TO CLAIMS

Matthew E. Rubin, the Liquidation Trustee (the "Liquidation Trustee") for the PAC Liquidation Trust (the "Liquidation Trust"), appointed in the proceedings of the above-captioned debtors (collectively the "Debtors"), by and through its undersigned counsel, files this objection (this "Objection") to each of the claims (collectively, the "Disputed Claims") filed against the Debtors, and listed on **Exhibits 1**, **2**, **3**, **4**, and **5** to the proposed form of order (the "Proposed Order") attached hereto as **Exhibit A**, and seeks, pursuant to sections 502 and 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), as applicable, Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), entry of the Proposed Order disallowing, or reducing and/or reclassifying, as applicable, the Disputed Claims. In support of this Objection, the Liquidation Trustee respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

1

3.     The statutory bases for the relief requested in the Objection are sections 502 and 503(b) of the Bankruptcy Code and Bankruptcy Rule 3007.

**<u>BACKGROUND</u>**

**I.     General Case Background and Claims Bar Dates**

4.     On May 31, 2016, each of the Debtors filed for relief under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases (the "<u>Chapter 11 Cases</u>") are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.     On October 26, 2016, the Court established deadlines to file proofs of claim.  The Court's *Order Establishing Bar Date for the Filing of Proofs of Claim* (Doc. No. 376) and *Order (I) Establishing Bar Date for Filing Administrative Expense Claims Pursuant to 11 U.S.C. §§ 105(a) and 503, Including Claims Under 11 U.S.C. § 503(b)(9); (II) Approving the Form, Manner, and Sufficiency of Notice Thereof; and, (III) Approving Proof of Administrative Expense Claim Forms* (Doc. No. 377) (together, the "<u>Claims Bar Date Orders</u>") established **December 5, 2016**, as the deadline for any person, other than governmental units, to file a proof of claim for a prepetition claim against the Debtor and any Administrative Expense Claim, including a 20 Day Claim. The Claims Bar Date Orders established **January 5, 2017**, as the deadline for governmental units, as defined in section 101(27) of the Bankruptcy Code to file proofs of claim for prepetition claims against the Debtors.

**II.     The Confirmed Plan and Creation of the Liquidation Trust**

6.     On March 14, 2017, the Debtors and the Committee jointly filed the *Disclosure Statement Relating to the Joint Plan of Orderly Liquidation of Progressive*

2

*Acute Care, LLC, et al.* (Doc. No. 466) (as subsequently amended by the *First Amended Disclosure Statement Relating to the Joint Plan of Orderly Liquidation of Progressive Acute Care, LLC, et al.* (Doc. No. 504), the "<u>Disclosure Statement</u>"), and the *Joint Plan of Orderly Liquidation of Progressive Acute Care, LLC, et al.* (Doc. No. 465) (as subsequently amended by immaterial modifications, the "<u>Plan</u>").[1]

7.      On April 19, 2017, the Court approved the Disclosure Statement by its *Order Approving Disclosure Statement Relating to the Joint Plan of Orderly Liquidation of Progressive Acute Care, LLC, et al., Proposed by the Debtors and the Official Committee of Unsecured Creditors* (Do. No. 507) (the "<u>Disclosure Statement Order</u>").

8.      On July 12, 2017, the Court issued its Findings of Fact, Conclusions of Law and Order Confirming Joint Plan of Orderly Liquidation of Progressive Acute Care, LLC, et al., as Jointly Proposed by the Debtors and The Official Committee of Unsecured Creditors (Do. No. 550) (the "<u>Confirmation Order</u>"), confirming the Plan.

9.      On August 7, 2017, the *Notice of Occurrence of the Effective Date and Administrative Claim Bar Date* (Doc. No. 558) (the "<u>Effective Date Notice</u>") was filed to provide notice to the parties in interest that the Plan became effective on August 1, 2017 (the "<u>Effective Date</u>").

10.     On the Effective Date, the Liquidation Trust was formed pursuant to the Plan and was granted the exclusive authority to, among other things, file, withdraw or litigate to judgment objections to claims filed against the Debtors.  (Plan, §§ 7.5.3, 10.2.)

---

[1] Capitalized terms used but not otherwise defined in this Objection shall have the meanings ascribed to them in the Plan or Disclosure Statement, as relevant.

11064050_4

### III. Substantive Consolidation

11.　Pursuant to Article VI of the Plan and paragraph Z of the Confirmation Order, as of the Effective Date, the Debtors' estates were substantively consolidated for purposes of the Plan and distributions thereunder. The substantive-consolidation provisions of the Plan provide that each Class of Claims will be treated as against a single consolidated estate without regard to the separate legal existence of the Debtors, such that each claim will be treated as a claim against the consolidated estates of all Debtors.

### IV. Claims Resolution Process

12.　The Liquidation Trustee and its advisors have been reviewing and reconciling the filed proofs of claim with the Debtors' books and records to determine the validity of the asserted claims. This reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, expungement, and/or reclassification, as applicable. To avoid possible double recovery or otherwise improper recovery by claimants, the Liquidation Trustee is filing this Objection to the Disputed Claims and anticipates filing additional omnibus objections.

## RELIEF REQUESTED

13.　By this Objection, the Liquidation Trustee seeks entry of the Proposed Order, pursuant to sections 502(b) and 503(b) of the Bankruptcy Code and Bankruptcy Rule 3007, disallowing or reducing and/or reclassifying, as applicable, the claims indicated on **Exhibits 1**, **2**, **3**, **4**, and **5** to the Proposed Order.

11064050_4

14.     A proof of claim must set forth a creditor's claim by alleging facts that if true would support a finding that the debtor is legally liable to the claimant.   *In re Simmons*, 765 F.2d 547, 552 (5th Cir. 1985).  Proofs of claim are *prima facie* valid only if they comply with this basic filing requirement.  *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

15.     If a claim meets the standard for *prima facie*, then an objection to the claim may shift the burden of proof to the claimant with evidence "equal in probative force to the creditor's claim" or by establishing that "the claimant fails to prove its claim's prima facie validity." *In re High Standard Mfg. Co., Inc.*, No. 15-33794, 2016 WL 5947244, at *3 (Bankr. S.D. Tex. Oct. 13, 2016).  "This can be done by the objecting party producing specific and detailed allegations that place the claim into dispute, by the presentation of legal arguments based upon the contents of the claim and its supporting documents, or by the presentation of pretrial pleadings, such as a motion for summary judgment, in which evidence is presented to bring the validity of the claim into question." *Matter of Fid. Holding Co., Ltd.*, 765 F. 2d at 698.  Once such rebuttal evidence or legal argument is shown, the claimant must present additional evidence to prove the validity of the claim by a preponderance of the evidence. *Id.*

16.     An outright failure to comply with Bankruptcy Rule 3001 entitles the proof of claim to no presumption of *prima facie* validity, and the objecting party "has no evidentiary burden to overcome," and upon an objection to such a claim, the failure of a claimant to prove validity by a preponderance of the evidence results in disallowance of

5

the claim. *In re DePugh*, 409 B.R. 84, 97–98 (Bankr. S.D. Tex. 2009). "The ultimate burden of proof always rests upon the claimant." *Matter of Fid. Holding Co., Ltd.*, at 698.

17.     Regarding alleged administrative expense priority, section 503(b)(1)(A) of the Bankruptcy Code provides that, "after notice and a hearing, there shall be allowed, administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). Priority statutes, such as section 503 of the Bankruptcy Code, are to be strictly construed to keep administrative expenses at a minimum so as to preserve the estate for the benefit of the creditors. See In re Unidigital, Inc., 262 B.R. 283, 288 (Bankr. D. Del. 2001); *see also In re Enron Corp.*, 279 B.R. 695, 704 (Bankr. S.D.N.Y. 2002) (recognizing that courts strictly construe the terms "actual" and "necessary" to minimize "administrative expense claims thereby preserving the estate to benefit all creditors").

18.     Furthermore, the claimant, and not the debtor, bears the burden of proof in requesting payment under section 503(b) of the Bankruptcy Code and the standard of proof is a preponderance of the evidence. *See In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 818 (3d Cir. 2010); *In re Valley Media, Inc.*, 279 B.R. 105, 140–41 (Bankr. D. Del. 2002).

19.     To prove entitlement to administrative priority, the claim must arise out of a post-petition transaction between the creditor and the debtor in possession, and the consideration supporting the claimant's right to payment must have been actually supplied and must benefit the operation of the post-petition business. It is the

"substantial contribution to the estate, not the activity . . . that incurs the obligation that must occur in the chapter 11 case." *Valley Media, Inc.*, 279 B.R. at 141.

20.     This is a heavy burden of proof for administrative priority claimants.  It requires a demonstration that the claim actually benefited the estate and was necessary for preserving the value of the estate. *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 533 (3d Cir. 1999).

21.     The Liquidation Trustee objects to the following four categories of claims in this Objection:

## I.     Late Filed Claims

22.     The Disputed Claims identified on **Exhibit 1** were not timely filed (the "Late Filed Claims").  The Claims Bar Date Orders established **December 5, 2016**, as the deadline for any person, other than governmental units, to file a proof of claim for a prepetition claim against the Debtor and any Administrative Expense Claim, including a 20 Day Claim.

23.     The Liquidation Trustee objects to the Late Filed Claims because they were filed after the December 5, 2016 deadline established by the Claims Bar Date Orders. Accordingly, the Liquidation Trustee respectfully requests that the Court disallow and expunge the claims identified on **Exhibit 1** to the Proposed Order.

## II.     No Liability

24.     The Disputed Claims identified on **Exhibit 2** to the Proposed Order (each a "No Liability Claim") are claims or a portion of a claim for which the Debtors assert that they have no liability to the creditor.   These claims fail to provide supporting

7

documentation or an explanation as to the lack of supporting documentation, or are claims that were satisfied prior to the Petition Date, or are claims filed in the wrong bankruptcy case against an entity other than the consolidated Debtors. In particular, certain of the No Liability Claims were filed in the Chapter 7 case of *In re Progressive Acute Care Dauterive, L.L.C.*, Case No. 16-50739, and do not constitute claims against the Debtors in this Chapter 11 case.

25. After a review of the Debtors' books and records, the Debtors have determined that there is either no balance due or a reduced amount due with respect to the No Liability Claims. Failure to disallow and expunge the No Liability Claims would result in the applicable claimant receiving an unwarranted recovery against the Debtors' estates to the detriment of other creditors in these Chapter 11 cases. Accordingly, the Liquidation Trustee hereby objects to the No Liability Claims and requests entry of an order disallowing the full or portion of each of the No Liability Claims identified on **Exhibit 2**.

### III. Reclassification of Administrative Claims

26. The Disputed Claims identified on **Exhibit 3** annexed to the Proposed Order (each a "Improperly Classified Claim") are claims that the Debtors have determined assert an unwarranted priority classification. The Liquidation Trustee has reviewed each of the Improperly Classified Claims, compared them against the Debtors' books and records, and analyzed them in relation to the Bankruptcy Code's priority provisions. Moreover, the Improperly Classified Claims fail to prove that a post-petition transaction with the Debtors gave rise to the claims. Any actions or transactions giving

8

rise to the Debtors' alleged liability for amounts asserted in the Improperly Classified Claim occurred before the Petition Date.

27.     As described in the column titled "Rationale for Objection" on **Exhibit 3** to the Proposed Order, after conducting the above-described review and analysis of the Reclassified Claims, the Liquidation Trustee has determined that the priority status of all or a portion of the Reclassified Claims should be adjusted as set forth under the column "Modified Priority Status" set forth on Exhibit 3 to the Proposed Order.

## IV.     Duplicative Claims

28.     The Disputed Claims identified on **Exhibit 4** to the Proposed Order (the "Duplicate Claims"), should be disallowed in full and expunged because the claimants holding such claims are not entitled to multiple recoveries on account of the same liability.  The Liquidation Trustee objects to the Duplicate Claims because it has been determined that the Duplicate Claims are duplicative of other proofs of claim filed by or on behalf of the same claimant in respect of the same liabilities or that are duplicative but have certain differences.

29.     Failure to disallow and expunge the Duplicate Claims would result in the applicable claimant receiving an unwarranted double recovery against the Debtors' estates to the detriment of other creditors in these Chapter 11 cases.  Accordingly, the Liquidation Trustee hereby objects to the Duplicate Claims and requests entry of an order disallowing the full or portion of each of the Duplicate Claims identified on **Exhibit 4**.

11064050_4

### V. Offsetting Preferential Transfers

30.      The Liquidation Trustee has identified transfers made to the holders of claims listed on **Exhibit 5** to the Proposed Order (the "Preference Offset Claims") within the 90 day period before the Petition Date. Pending resolution of the Liquidation Trustee's potential recovery of preferential transfers under to 11 U.S.C. § 547, the Liquidation Trustee seeks approval to withhold disbursements on account of any such Preference Offset Claims.

31.      By withholding disbursements to holders of Preference Offset Claims, the Liquidation Trustee will avoid the expense of recovering those disbursements upon resolution of the preferential transfer avoidance.  Accordingly, the Liquidation Trustee asks for authority to withhold disbursements to holders of Preference Offset Claims listed on **Exhibit 5** pending resolution of the applicable preferential transfer avoidance.

### RESERVATION OF RIGHTS

32.      Nothing contained in this Objection and no actions taken by the Liquidation Trustee pursuant to the relief granted in the Proposed Order are intended or should be construed as: (a) an admission as to the validity of any particular claim; (b) a waiver of the Liquidation Trust's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; or (e) a waiver or limitation of the Liquidation Trust's rights under the Bankruptcy Code or any other applicable law. Moreover, the Liquidation Trust hereby reserves their rights to amend, modify, and/or supplement this Objection, including their rights to object to any of the

11064050_4

Late Filed Claims, Duplicate Claims, No Liability Claims, Improperly Classified Claims, or Preference Offset Claims listed on Exhibits **1**, **2**, **3**, **4**, and **5** to the Proposed Order on any additional grounds.

## CONCLUSION

WHEREFORE the Liquidation Trustee respectfully requests that this Court (a) enter the Proposed Order, and (b) grant such other and further relief as the Court deems just and proper.

November 17, 2017                    Respectfully submitted,


                                     _/s/Wade R. Iverstine_____
                                     J. Eric Lockridge, (#30159)
                                     Wade R. Iverstine, (#31793)
                                     **KEAN MILLER LLP**
                                     400 Convention Street, Suite 700
                                     P. O. Box 3513 (70821-3513)
                                     Baton Rouge, LA  70802
                                     Telephone:  (225) 382-3448
                                     eric.lockridge@keanmiller.com
                                     wade.iverstine@keanmiller.com

                                     **Attorneys for PAC Liquidation Trust**

11064050_4

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

*In re:*

Progressive Acute Care, LLC, *et al.*

No. 16-50740

Chapter 11

Jointly Administered

## ORDER GRANTING SECOND OMNIBUS OBJECTION TO CLAIMS

Upon the objection (the "Objection")[2] of Matthew E. Rubin, the Liquidation

Trustee (the "Liquidation Trustee") for the PAC Liquidation Trust (the "Liquidation

Trust"), appointed in the proceedings of the above-captioned debtors (collectively the

"Debtors"), seeking entry of an order (this "Order") modifying and/or reclassifying, or

disallowing, certain Disputed Claims pursuant to sections 502 and 503(b) of the

Bankruptcy Code and Rule 3007 of the Bankruptcy Rules; and it appearing that the Court

has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this

proceeding is a core proceeding pursuant to 28 U.S.C. § 157; and it appearing that venue

of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and

adequate notice of the Objection and opportunity for response having been given; and it

appearing that no other notice need be given; and the Court having considered the

Objection and the Disputed Claims listed on **Exhibits 1**, **2**, **3**, **4**, and **5** attached hereto,

and any responses thereto; and the Court having determined that there exists just cause

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in
the Objection.

1

11064050_4

for the relief granted herein; and upon the record herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED:

1. The Objection is sustained to the extent set forth herein.

2. The Late Filed Claims set forth on the attached **Exhibit 1** are hereby disallowed and expunged in their entirety.

3. Each No Liability Claim listed on the attached **Exhibit 2** is hereby disallowed to the extent set forth on the attached **Exhibit 2**.

4. Each Improperly Classified Claim listed on the attached **Exhibit 3** is hereby reclassified to the extent and to the priority level indicated in the columns on **Exhibit 3** titled "*Amount to Reclass to Unsecured*" and "*Valid Admin Claim Amount.*"

5. Each Duplicate Claim listed on the attached **Exhibit 4** is hereby disallowed and expunged in their entirety.

6. The Liquidation Trustee is authorized to withhold disbursements on account of each of the Preference Offset Claims listed on the attached **Exhibit 5** until the Liquidation Trustee's causes of action for avoidance of such transfers is resolved.

7. The Objection as to each of the Late Filed Claims, each No Liability Claim, each Improperly Classified Claim, Duplicate Claim, and Preference Offset Claim constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act

2

to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

8. Notwithstanding the relief granted in this Order or any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim; (b) a waiver of the Liquidation Trust's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Objection; or (e) a waiver or limitation of the Liquidation Trust's rights under the Bankruptcy Code or any other applicable law.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

### ###

Wade R. Iverstine (#31793)
Email:  wade.iverstine@keanmiller.com
KEAN MILLER LLP
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, LA  70802
Telephone:  (225) 382-3448

3

# EXHIBIT 1

# LATE FILED CLAIMS

## (See Objection, Page 7)

| Name of Claimant | Filed Claim Class | Debtor | Claim Number | Filed Claim Amount | Disallowed Claim Amount | Valid Admin Claim Amount | Date Filed | Rationale for Objection |
|---|---|---|---|---|---|---|---|---|
| Cooper Surgical, Inc. | Unsecured | Progressive Acute Care, LLC | 177 | $1,187.22 | $1,187.22 | $0.00 | 01/09/17 | Claim was filed after the bar date |
| Danielle Holmes | Unsecured | Progressive Acute Care Winn, LLC | 48 | $891.00 | $891.00 | $0.00 | 06/05/17 | Claim was filed after the bar date |
| Dewitt M. Carrithers | Unsecured | Progressive Acute Care, LLC | 182 | $3,130.95 | $3,130.95 | $0.00 | 08/08/17 | Claim was filed after the bar date |
| Laboratory Corp. of America | Unsecured | Progressive Acute Care Winn, LLC | 20 | $5,273.50 | $5,273.50 | $0.00 | 12/08/16 | Claim was filed after the bar date |
| Lafayette General Medical Center | Unsecured | Progressive Acute Care, LLC | 179 | $6,905.00 | $6,905.00 | $0.00 | 03/28/17 | Claim was filed after the bar date |
| Medline Industries, Inc. | Unsecured | Progressive Acute Care Winn, LLC | 45 | $9,986.72 | $9,986.72 | $0.00 | 12/22/16 | Claim was filed after the bar date |
| Medline Industries, Inc. | Unsecured | Progressive Acute Care Oakdale, LLC | 55 | $23,755.24 | $23,755.24 | $0.00 | 12/21/16 | Claim was filed after the bar date |
| Pitney Bowes | Unsecured | Progressive Acute Care Winn, LLC | 43 | $2,919.77 | $2,919.77 | $0.00 | 12/07/16 | Claim was filed after the bar date |
| Quality Reimbursement Services, Inc. | Unsecured | Progressive Acute Care, LLC | 178 | $67,893.00 | $67,893.00 | $0.00 | 01/17/17 | Claim was filed after the bar date |
| Quality Reimbursement Services, Inc. | Unsecured | Progressive Acute Care Avoyelles, LLC | 47 | $30,110.13 | $30,110.13 | $0.00 | 01/17/17 | Claim was filed after the bar date |
| Quality Reimbursement Services, Inc. | Unsecured | Progressive Acute Care Winn, LLC | 47 | $21,261.97 | $21,261.97 | $0.00 | 01/17/17 | Claim was filed after the bar date |
| Quality Reimbursement Services, Inc. | Unsecured | Progressive Acute Care Oakdale, LLC | 57 | $16,520.66 | $16,520.66 | $0.00 | 01/17/17 | Claim was filed after the bar date |
| Remote Cardiac Services | Unsecured | Progressive Acute Care Avoyelles, LLC | 48 | $160.00 | $160.00 | $0.00 | 01/17/17 | Claim was filed after the bar date |

1

# EXHIBIT 2

## NO LIABILITY CLAIMS

### (See Objection, Page 7-8)

| Name of Claimant | Filed Claim Class | Debtor | Claim Number | Filed Claim Amount | Disallowed Claim Amount | Valid Claim Amount | Rationale for Objection |
|---|---|---|---|---|---|---|---|
| Arthrex, Inc. | Unsecured | Progressive Acute Care Oakdale, LLC | 25 | $11,744.66 | $0.00 | $0.00 | Further support needed from claimant to determine validity of filed claim. Further support should include itemized detail to support claim |
| Acadiana Bottling Company, Inc. | Unsecured | Progressive Acute Care Avoyelles, LLC | 28 | $3,059.95 | $3,059.95 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Acadiana Bottling Company, Inc. | Unsecured | Progressive Acute Care Oakdale, LLC | 28 | $3,059.95 | $3,059.95 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Acadiana Bottling Company, Inc. | Unsecured | Progressive Acute Care, LLC | 63 | $3,059.95 | $3,059.95 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Acadiana Bottling Company, Inc. | Unsecured | Progressive Acute Care Winn, LLC | 21 | $3,059.95 | $3,059.95 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Acadiana Media Ventures, LLC | Unsecured | Progressive Acute Care, LLC | 50 | $6,009.00 | $6,009.00 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Advanced Radiographics, Inc. | Unsecured | Progressive Acute Care, LLC | 46 | $47,785.98 | $47,785.98 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Associated Design Group, Inc. | Unsecured | Progressive Acute Care, LLC | 45 | $13,845.00 | $13,845.00 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Acadiana Bottling Company, Inc. | Unsecured | Progressive Acute Care Avoyelles, LLC | 28 | $3,059.95 | $3,059.95 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Acadiana Bottling Company, Inc. | Unsecured | Progressive Acute Care Oakdale, LLC | 28 | $3,059.95 | $3,059.95 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |

2

| Name of Claimant | Filed Claim Class | Debtor | Claim Number | Filed Claim Amount | Disallowed Claim Amount | Valid Claim Amount | Rationale for Objection |
|---|---|---|---|---|---|---|---|
| Acadiana Bottling Company, Inc. | Unsecured | Progressive Acute Care, LLC | 63 | $3,059.95 | $3,059.95 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Borden Dairy Company | Unsecured | Progressive Acute Care, LLC | 17 | $1,521.21 | $1,521.21 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Chadwick Bordelon | Unsecured | Progressive Acute Care Avoyelles, LLC | 49 | $100,000.00 | $100,000.00 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Covidien, LP | Unsecured | Progressive Acute Care, LLC | 41 | $19,770.47 | $0.00 | $0.00 | Further support needed from claimant to determine validity of filed claim. Further support should include itemized detail to support claim |
| Daniel W. Landry | Unsecured | Progressive Acute Care, LLC | 70 | $6,240.00 | $6,240.00 | $0.00 | Claimant filed a claim but was an employee of Dauterive Hospital and not the responsibility of the Debtors |
| DataFile, Inc. | Unsecured | Progressive Acute Care, LLC | 47 | $3,577.20 | $3,577.20 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| De Lage Landen Financial Services, Inc. | Unsecured | Progressive Acute Care Oakdale, LLC | 30 | $3,323.85 | $3,323.85 | $0.00 | Claimant filed a claim for a lease that was assumed by Allegiance upon the sale of the hospitals |
| EverBank Commerical Finance, Inc. (Toshiba) | Unsecured | Progressive Acute Care Oakdale, LLC | 32 | $62,183.47 | $62,183.47 | $0.00 | Claimant filed a claim for a lease that was assumed by Allegiance upon the sale of the hospitals |
| EverBank Commerical Finance, Inc. (Toshiba) | Secured | Progressive Acute Care Oakdale, LLC | 32 | $29,000.00 | $29,000.00 | $0.00 | Claimant filed a claim for a lease that was assumed by Allegiance upon the sale of the hospitals |
| Getinge USA, Inc. | Unsecured | Progressive Acute Care Oakdale, LLC | 26 | $14,607.76 | $0.00 | $0.00 | Further support needed from claimant to determine validity of filed claim. Further support should include itemized detail to support claim |
| Iberia Gastroenterology Associate, Inc. | Unsecured | Progressive Acute Care, LLC | 15 | $15,564.78 | $0.00 | $0.00 | Further support needed from claimant to determine validity of filed claim. Patient names are required to determine Debtor location of employment for validity |

3

| Name of Claimant | Filed Claim Class | Debtor | Claim Number | Filed Claim Amount | Disallowed Claim Amount | Valid Claim Amount | Rationale for Objection |
|---|---|---|---|---|---|---|---|
| Immucor, Inc. | Unsecured | Progressive Acute Care, LLC | 89 | $4,120.60 | $0.00 | $0.00 | Further support needed from claimant to determine validity of filed claim. Further support should include itemized detail to support claim |
| Genasses, LLC d/b/a JR David Creative | Unsecured | Progressive Acute Care, LLC | 51 | $3,596.21 | $3,596.21 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Jamie Olivier | Unsecured | Progressive Acute Care, LLC | 71 | $2,450.00 | $2,450.00 | $0.00 | Claimant filed a claim but was an employee of Dauterive Hospital and not the responsibility of the Debtors |
| LA Department of Health & Hospitals | Unsecured | Progressive Acute Care Oakdale, LLC | 56 | $74,864.44 | $0.00 | $0.00 | Further support needed from claimant to determine validity of filed claim. Further support should include itemized detail to support claim |
| LA Department of Health & Hospitals | Unsecured | Progressive Acute Care Avoyelles, LLC | 46 | $70,416.55 | $0.00 | $125,498.81 | Further support needed from claimant to determine validity of filed claim. Further support should include itemized detail to support claim |
| LA Department of Health & Hospitals | Unsecured | Progressive Acute Care Winn, LLC | 46 | $458.74 | $0.00 | $0.00 | Further support needed from claimant to determine validity of filed claim. Further support should include itemized detail to support claim |
| Laura Smith | Unsecured | Progressive Acute Care, LLC | 97 | $1,532.49 | $1,532.49 | $0.00 | Claimant filed a claim but was an employee of Dauterive Hospital and not the responsibility of the Debtors |
| Leasing Associates of Barrington, Inc. | Unsecured | Progressive Acute Care, LLC | 69 | $24,635.00 | $24,635.00 | $0.00 | Claimant filed a claim for a lease with Dauterive hospital which is not the responsibility of the Debtors |
| Lifenet Health | Unsecured | Progressive Acute Care, LLC | 86 | $4,175.00 | $4,175.00 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Lilly Derouen | Unsecured | Progressive Acute Care, LLC | 100 | $540.00 | $0.00 | $0.00 | Further support needed from claimant to determine validity of filed claim. Further support should include itemized detail to support claim |
| Louisiana Department of Environmental Quality | Unsecured | Progressive Acute Care, LLC | 115 | $4,815.50 | $2,344.30 | $2,471.20 | Claimant filed a claim for services provided. Filed claim amounts include services for Dauterive Hospital and are not the responsibility of the Debtors |

11064050_4

| Name of Claimant | Filed Claim Class | Debtor | Claim Number | Filed Claim Amount | Disallowed Claim Amount | Valid Claim Amount | Rationale for Objection |
|---|---|---|---|---|---|---|---|
| Maine Standards Company, LLC | Unsecured | Progressive Acute Care, LLC | 66 | $321.04 | $321.04 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Majestic Medical Solutions, LLC | Unsecured | Progressive Acute Care Avoyelles, LLC | 38 | $17,647.42 | $5,209.85 | $12,437.57 | Claimant filed an unsecured claim and included $5,209.85 in invoices after the sale of the hospital and are therefore disallowed |
| Majestic Medical Solutions, LLC | Unsecured | Progressive Acute Care Winn, LLC | 33 | $14,438.00 | $3,189.74 | $11,248.26 | Claimant filed an unsecured claim and provided support that does not tie to claim amount. Disallow $3,189.74 in amounts not supported |
| Mark B. Charbonnet, MD aka Acadiana Oncology | Unsecured | Progressive Acute Care, LLC | 32 | $74,000.00 | $74,000.00 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Med One Capital Funding, LLC | Unsecured | Progressive Acute Care Oakdale, LLC | 45 | $122,333.00 | $122,333.00 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Med One Capital Funding, LLC | Unsecured | Progressive Acute Care, LLC | 137 | $122,333.00 | $122,333.00 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Ober, Kaler, Grimes & Shriver, APC | Unsecured | Progressive Acute Care, LLC | 83 | $2,148.50 | $0.00 | $0.00 | Further support needed from claimant to determine validity of filed claim. Further support should include itemized detail to support claim |
| Press Ganey Associates, Inc. | Unsecured | Progressive Acute Care Avoyelles, LLC | 43 | $7,916.73 | $0.00 | $0.00 | Further support needed from claimant to determine validity of filed claim. Further support should include itemized detail to support claim |
| Roger Henson | Unsecured | Progressive Acute Care, LLC | 163 | $2,079.57 | $2,079.57 | $0.00 | Claimant filed a claim but was an employee of Dauterive Hospital and not the responsibility of the Debtors |
| Service Office Centre (Service Office Supply) | Admin | Progressive Acute Care, LLC | 165 | $117.03 | $117.03 | $0.00 | Claimant filed a claim for goods sold after the sale of the hospitals and therefore are not the responsibility of the Debtors |
| Siemens Financial Services, Inc. | Unsecured | Progressive Acute Care Winn, LLC | 41 | $106,034.41 | $106,034.41 | $0.00 | Claimant filed a claim for a lease that was assumed by Allegiance upon the sale of the hospitals |

11064050_4

| Name of Claimant | Filed Claim Class | Debtor | Claim Number | Filed Claim Amount | Disallowed Claim Amount | Valid Claim Amount | Rationale for Objection |
|---|---|---|---|---|---|---|---|
| Siemens Financial Services, Inc. | Unsecured | Progressive Acute Care Oakdale, LLC | 54 | $100,165.70 | $100,165.70 | $0.00 | Claimant filed a claim for a lease that was assumed by Allegiance upon the sale of the hospitals |
| SSRM Enterprises, LLC | Unsecured | Progressive Acute Care, LLC | 153 | $5,243.90 | $0.00 | $0.00 | Further support needed from claimant to determine validity of filed claim. Further support should include itemized detail to support claim |
| Staples | Unsecured | Progressive Acute Care, LLC | 53 | $19,006.51 | $19,006.51 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| TCF Equipment Finance | Unsecured | Progressive Acute Care, LLC | 48 | $94,417.57 | $94,417.57 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| The SSI Group, Inc. | Unsecured | Progressive Acute Care, LLC | 9 | $17,118.23 | $2,004.00 | $15,114.23 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Travis Stickells | Unsecured | Progressive Acute Care, LLC | 77 | $223.04 | $223.04 | $0.00 | Claimant filed a claim but was an employee of Dauterive Hospital and not the responsibility of the Debtors |
| The Health Enrichment Network | Unsecured | Progressive Acute Care, LLC | 49 | $84,000.00 | $0.00 | $0.00 | Further support needed from claimant to determine validity of filed claim. Further support should include itemized detail to support claim |
| The SSI Group, Inc. | Unsecured | Progressive Acute Care, LLC | 9 | $17,118.23 | $2,004.00 | $15,114.23 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |
| Young's Professional Services, LLC | Unsecured | Progressive Acute Care, LLC | 37 | $499,399.85 | $499,399.85 | $0.00 | Claimant filed a claim for goods or services rendered to Dauterive hospital which is not the responsibility of the Debtors |

11064050_4

# EXHIBIT 3

## RECLASSIFICATION OF ADMINISTRATIVE CLAIMS

### (See Objection, Page 8-9)

| Name of Claimant | Filed Claim Class | Debtor | Claim Number | Filed Claim Amount | Amount to Reclass to Unsecured | Valid Admin Claim Amount | Rationale for Objection |
|---|---|---|---|---|---|---|---|
| Biomedical Concepts, Inc. | Admin | Progressive Acute Care, LLC | 0150 | $1,688.97 | $1,250.00 | $438.97 | Claimant filed a claim for services rendered during the 503(b)(9) period but only goods are eligible for 503(b)(9) priority. Services are pre-petition and will be reclassed to unsecured |
| Brossett Corporation | Admin | Progressive Acute Care, LLC | 59 | $6,102.75 | $6,102.75 | $0.00 | Claimant filed a claim for services rendered during the 503(b)(9) period but only goods are eligible for 503(b)(9) priority. Services are pre-petition and will be reclassed to unsecured |
| Communications Group | Admin | Progressive Acute Care, LLC | 136 | $66.50 | $66.50 | $0.00 | Claimant filed a claim for services rendered during the 503(b)(9) period but only goods are eligible for 503(b)(9) priority. Services are pre-petition and will be reclassed to unsecured |
| Selena Carver / Contemporary Concepts | Admin | Progressive Acute Care, LLC | 73 | $1,319.70 | $1,319.70 | $0.00 | Claimant filed a claim for services rendered during the 503(b)(9) but goods were provided to Debtor in 2015. Claim amounts are pre-petition and will be reclassed to unsecured |
| Siemens Healthcare Diagnostics, Inc. | Priority | Progressive Acute Care, LLC | 118 | $21,609.19 | $746.85 | $0.00 | Claimant filed a claim with priority amounts of $746.85. Invoices filed with claim do not support priority or unsecured amounts. $746.85 should be reclassed to unsecured and additional support should be filed |

7

11064050_4

# EXHIBIT 4

## DUPLICATE CLAIMS

### (See Objection, Page 9)

| Name of Claimant | Filed Claim Class | Debtor | Claim Number | Filed Claim Amount | Disallowed Claim Amount | Valid Claim Amount | Rationale for Objection |
|---|---|---|---|---|---|---|---|
| CLECO Corporation | Unsecured | Progressive Acute Care, LLC | 13 | $453,925.65 | $453,925.65 | $00 | The filed claim is a duplicate of unsecured claim 31 |
| C.R. Bard, Inc. or Bard Peripheral | Unsecured | Progressive Acute Care Avoyelles, LLC | 18 | $284.10 | $284.10 | $0.00 | The filed claim is a duplicate of admin claim 128 which has been paid in full |
| Flowers Baking Company of Baton Rouge, LLC | Unsecured | Progressive Acute Care Avoyelles, LLC | 29 | $512.75 | $512.75 | $0.00 | The filed claim is a duplicate of unsecured claim 25 |
| Getinge USA, Inc. | Unsecured | Progressive Acute Care Oakdale, LLC | 33 | $14,607.76 | $14,607.76 | $0.00 | The filed claim is a duplicate of unsecured claim 26 |
| Majestic Medical Solutions, LLC | Unsecured | Progressive Acute Care, LLC | 133 | $53,964.44 | $53,964.44 | $0.00 | The filed claim is a duplicate of unsecured claim 38, 33, & 43 |
| Patient Telephone Supply | Unsecured | Progressive Acute Care, LLC | 11 | $266.35 | $266.35 | $0.00 | The filed claim is a duplicate of admin claim 106 |
| Press Ganey Associates, Inc. | Unsecured | Progressive Acute Care Oakdale, LLC | 50 | $7,916.73 | $7,916.73 | $0.00 | The filed claim is a duplicate of unsecured claim 43 |
| Stryker Medical | Unsecured | Progressive Acute Care Winn, LLC | 28 | $1,125.01 | $1,125.01 | $0.00 | The filed claim is a duplicate of unsecured claim 38 |
| Valley Services, Inc. | Unsecured | Progressive Acute Care, LLC | 173 | $226,289.65 | $226,289.65 | $0.00 | The filed claim is a duplicate of unsecured claim 42 |
| Xerox Corporation | Unsecured | Progressive Acute Care Avoyelles, LLC | 9 | $73,047.44 | $73,047.44 | $0.00 | The filed claim is a duplicate of unsecured claim 27 |

11064050_4

# EXHIBIT 5

# PREFERENCE OFFSET CLAIMS

## (See Page 10)

| Name of Claimant | Filed Claim Class | Debtor | Claim Number | Filed Claim Amount | Rationale for Objection |
|---|---|---|---|---|---|
| Advanced Emergency Medical Services, Inc. | Admin | Progressive Acute Care, LLC | 60 | $38,950.09 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |
| Atmos Energy Corporation | Unsecured | Progressive Acute Care, LLC | 22 | $4,357.22 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |
| Ben E. Keith Company | Admin | Progressive Acute Care, LLC | 112 | $4,658.07 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |
| City of Winnfield | Admin | Progressive Acute Care, LLC | 116 | $16,195.83 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |
| Entergy Louisiana, LLC | Unsecured | Progressive Acute Care, LLC | 58 | $36,314.22 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |
| Medline Industries, Inc. | Admin | Progressive Acute Care, LLC | 141 | $7,448.21 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |
| Medtronic USA, Inc. | Unsecured | Progressive Acute Care Oakdale, LLC | 6 | $10,880.90 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |
| Medtronic USA, Inc. | Unsecured | Progressive Acute Care Avoyelles, LLC | 7 | $4,507.78 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |
| Mobile Imaging Services, LLC | Unsecured | Progressive Acute Care Avoyelles, LLC | 8 | $71,120.67 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |

11064050_4

| Name of Claimant | Filed Claim Class | Debtor | Claim Number | Filed Claim Amount | Rationale for Objection |
|---|---|---|---|---|---|
| Mobile Imaging Services, LLC | Unsecured | Progressive Acute Care Winn, LLC | 5 | $27,957.09 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |
| Mobile Imaging Services, LLC | Admin | Progressive Acute Care Avoyelles, LLC | 30 | $7,600.00 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |
| Mobile Imaging Services, LLC | Admin | Progressive Acute Care Winn, LLC | 22 | $2,240.00 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |
| Synergy Care, Inc. | Admin | Progressive Acute Care, LLC | 96 | $11,571.90 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |
| Synergy Care, Inc. | Unsecured | Progressive Acute Care, LLC | 24 | $90,871.30 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |
| The SSI Group, Inc. | Unsecured | Progressive Acute Care, LLC | 9 | $17,118.23 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |
| The SSI Group, Inc. | Admin | Progressive Acute Care, LLC | 64 | $8,514.40 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |
| Valley Services, Inc. | Admin | Progressive Acute Care, LLC | 171 | $28,259.67 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |
| Valley Services, Inc. | Admin | Progressive Acute Care, LLC | 170 | $16,705.62 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |
| Valley Services, Inc. | Unsecured | Progressive Acute Care Winn, LLC | 42 | $226,289.65 | Claimant received payments during the 90 days before the Petition Date. Disbursements to claimant are on hold until resolution of Liquidation Trustee's cause of action for avoidance of preferential transfers. |

11064050_4